A99A0139. WHITEHEAD v. THE STATE.
(515 SE2d 866)

BLACKBURN, Presiding Judge.

Tony Whitehead appeals his conviction, following a jury trial, for robbery by sudden snatching, contending: (1) the evidence is insufficient to support the guilty verdict and (2) the trial court erred in denying his motion to sever. For the reasons set forth below, we affirm.

1. When addressing the sufficiency of the evidence to support the verdict, this Court, as a reviewing court, does not pass on the weight of the evidence. Rather, we review the sufficiency of the evidence to support the verdict. On appeal of a conviction based on a jury verdict we examine the evidence in a light most favorable to support that verdict. We resolve all conflicts in favor of the verdict. We sustain the verdict when a rational trier of fact, viewing the evidence in a light most favorable to the verdict, could find the defendant guilty beyond a reasonable doubt. See *Reid v. State*, 232 Ga. App. 313, 315 (2) (501 SE2d 842) (1998); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In mid-November 1997, Whitehead and his co-defendant, Moses, were seen together in the Food Lion Grocery Store in Hawkinsville. Both men were recorded on the grocery store's surveillance tape which showed Moses snatching a shopper's purse containing approximately $300 from her shopping cart. The tape also revealed Whitehead standing nearby, as if on lookout. When the victim discovered her purse had been stolen, she notified the management, and the police were called.

When the police and store personnel reviewed the surveillance tape, an employee of the grocery store identified both Whitehead and Moses as the perpetrators. The clerk personally knew Whitehead and Moses and had seen them both when they were in the grocery store. A police officer also recognized Whitehead and Moses and was able to get a clear description of what they were wearing from the video tape. Armed with an identification and a physical description, the

police began a search.

Less than one hour after the robbery, Whitehead and Moses were found a few blocks from the Food Lion wearing the same jackets they had been wearing inside the store; however, the jackets had been turned inside-out. Both men were arrested, and a subsequent search of their persons revealed a little less than $300 in cash between the two. The evidence against Whitehead was sufficient for a rational trier of fact to find him guilty of robbery by sudden snatching beyond a reasonable doubt. *Jackson v. Virginia*, supra.

2. Whitehead contends the trial court erred in denying his motion to sever his trial from that of his co-defendant. The severance of the trial of co-defendants for a non-capital offense is generally within the sound discretion of the trial court. OCGA § 17-8-4.

> The defendant requesting a severance has the burden of making a clear showing of prejudice and a denial of due process in the absence of severance. Factors the trial court should consider in exercising its discretion include: (1) whether the number of defendants creates confusion of the evidence and law applicable to each defendant; (2) whether a danger exists that evidence admissible against one defendant will be considered against the other, despite cautionary instructions; and (3) whether the defenses are antagonistic.

(Citations omitted.) *Loren v. State*, 268 Ga. 792, 795 (2) (493 SE2d 175) (1997).

Whitehead claims that his defense was prejudiced because the surveillance video depicted his co-defendant, and not him, take the purse out of the victim's shopping cart. The fact that the evidence as to one of two co-defendants is stronger does not demand a finding that denial of a motion to sever is an abuse of discretion, where there is evidence showing they acted together. See *Strickland v. State*, 212 Ga. App. 170, 172 (2) (441 SE2d 494) (1994).

The same evidence would have been presented had the two defendants been tried separately. Although the surveillance video is stronger evidence against the co-defendant, there is sufficient circumstantial evidence against Whitehead to support a conviction. Whitehead and the co-defendant both entered the store at the same time, they were seen together in the store, both men attempted to change their appearance by turning their coats inside-out immediately after the robbery, and both men were found shortly after the robbery with cash which totaled approximately the same amount stolen from the victim. Consequently, Whitehead has failed to show that he was prejudiced by the refusal to sever his trial. *Chandler v. State*, 213 Ga. App. 46, 47 (1) (443 SE2d 679) (1994). Therefore, the trial

court did not abuse its discretion as contended.

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999.

*Genelle Jennings & Associates, Nicholas E. White,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney,* for appellee.