S00A0775. CAMPOS v. THE STATE.
(538 SE2d 447)

BENHAM, Chief Justice.

This appeal is from Jose Campos's conviction for murder and possession of a firearm during commission of a crime.[1] A police officer responding to a report of a shooting found Mari Lou Elies, age 16, who lived with Campos, lying outside with a gunshot wound to her head and no pulse or other sign of life. When he asked who shot her and where the gun was, Campos, who was kneeling beside her body, replied that she shot herself inside their home and then walked outside and threw the gun before collapsing. A spent shell was found

---

[1] The killing occurred on May 17, 1998, and Campos was indicted for malice murder and possession of a firearm during commission of a crime on June 10, 1998. A jury trial conducted on September 28-29, 1998, resulted in a verdict of guilty on both charges. The trial court sentenced Campos at the conclusion of the trial to life imprisonment for murder and to five years imprisonment for the firearm charge, to be served consecutively. A notice of appeal was filed on October 10, 1998, and the appeal was transmitted to this Court where it was docketed on January 31, 2000. The appeal was submitted for decision on the briefs.

on the bedroom floor of the residence. A neighbor turned in a gun which testing proved to have fired the fatal shot. He testified at trial that he first told the police he had found the gun out of fear he would be charged with a crime, but that in fact Campos had handed him the gun after the shooting. When questioned the next day at the police department, Campos stated that he had been drinking all day on the day of the shooting and had been firing the weapon with which Ms. Elies had been killed; that he went inside to clean and reload the gun, then laid it on the bed on which Ms. Elies was lying with her son; that she picked up the gun and it accidentally fired; that he took her and the gun outside seeking help; and that Ms. Elies spoke several sentences after the shooting. Expert testimony indicated that the weapon required eight pounds of pressure on the trigger to fire and had no potential for accidental discharge, and that the wound, which was inflicted from a distance of three or four inches and at an angle that made self-infliction improbable, was instantly fatal. Two witnesses testified to prior difficulties between Campos and Ms. Elies, stating that they had seen wounds on her which she said Campos had inflicted. Campos testified at trial, denying that he had abused Ms. Elies and affirming his prior statement that she shot herself. He claimed that he had run outside and given the gun to someone and never saw it again, and that he then brought out the victim's body because his pleas for help were met with disbelief that a shooting had occurred. He admitted he had been drinking and that Ms. Elies had asked him not to take the gun outside. He repeated his assertion that she was lying on the bed when she shot herself. In rebuttal, police photos were admitted showing that the only blood in the bedroom was found several feet from the bed.

1. The evidence adduced at trial, though circumstantial, was sufficient to authorize a rational trier of fact to find Campos guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Clark v. State*, 271 Ga. 27 (1) (518 SE2d 117) (1999); *Mosely v. State*, 269 Ga. 17 (1) (495 SE2d 9) (1998).

2. The State presented two witnesses at trial who testified that Ms. Elies told them of prior instances of physical abuse by Campos. He contends on appeal that the trial court erred in admitting the testimony under the "necessity exception" to the rule against hearsay.

The two requirements for the admission of hearsay under the "necessity" exception are "necessity" and "particularized guarantees of trustworthiness." [Cit.] In order to satisfy the first requirement, the proponent of the hearsay must show that "the declarant is deceased or unavailable, that the statement is relevant to a material fact, and that the state-

ment is more probative than other evidence which may be offered. [Cit.] The second requirement is satisfied when the declaration is coupled with circumstances which attribute verity to it. [Cit.]" [Cit.]

*Ward v. State*, 271 Ga. 648 (2) (520 SE2d 205) (1999). Campos argues that neither requirement was met with either prior-difficulty witness in this case.

The "necessity" requirement was established because Ms. Elies is deceased, and thus unavailable, and because the proffered testimony was more probative on the issue of motive than other evidence offered in the case. *Slakman v. State*, 272 Ga. 662 (3) (b) (533 SE2d 383) (2000). Compare *Lee v. State*, 270 Ga. 626 (2) (513 SE2d 225) (1999), where the State produced direct evidence of animosity between the deceased and the accused.

"As is usually the case, the more difficult issue is whether the deceased declarant's statements were made under circumstances which offer particularized guarantees of trustworthiness to authorize their use at trial without the benefit of the oath and the test of cross-examination of the declarant. [Cit.]" *Ward v. State*, supra at 650. The trial court is to consider the totality of the circumstances in making the subjective decision of whether sufficient guarantees of trustworthiness are present, and that decision is reviewed by this Court under an abuse of discretion standard. *Gissendaner v. State*, 272 Ga. 704 (6) (532 SE2d 677) (2000).

One of the witnesses here testified that she had known Ms. Elies for eight years, half of the victim's life; that she lives with Ms. Elies's brother; that on the occasions when Ms. Elies left Campos, Ms. Elies came to talk to the witness about her relationship with Campos and his violence against her; and that she saw the marks of that violence. The other witness testified that she had known Ms. Elies for two years prior to her death, that Ms. Elies had come to confide in the witness about Campos's abuse of her and to seek shelter with her when Campos had beaten and cut her, and that she had seen the wounds which Ms. Elies said Campos had inflicted.

"Uncontradicted statements made to one in whom the deceased declarant placed great confidence and to whom she turned for help with her problems are admissible under the necessity exception. [Cits.]" *Ward v. State*, supra at 650. Considering the relationship between Ms. Elies and the two prior-difficulty witnesses, we conclude that the trial court's decision regarding the existence of particularized guarantees of trustworthiness was not an abuse of discretion. Accordingly, having already concluded that the necessity requirement was met, we find no error in the decision to admit the hearsay testimony under the necessity exception.

*Judgment affirmed. All the Justices concur.*

Decided November 13, 2000.

*Billy M. Grantham,* for appellant.
*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, W. Swain Wood, Assistant Attorney General,* for appellee.