A01A0258. SMITH v. THE STATE.
(549 SE2d 487)

PHIPPS, Judge.

Tony Lamario Smith pled guilty to armed robbery, kidnapping, hijacking a motor vehicle, two counts of aggravated assault, and two counts of burglary.[1] He appeals the trial court's denial of his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm.

When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea.[2] The State may meet its burden in two ways: "(1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) fill[ing] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary."[3] After the defendant has been sentenced, the question of whether he may withdraw his guilty plea is vested in the sound discretion of the trial court.[4] The exercise of that discretion will not be disturbed unless it is manifestly abused.[5]

Smith contends that his guilty plea is invalid for the following reasons: (1) he was not advised of his rights to a jury trial, to confront witnesses, to subpoena witnesses, and to appeal a jury's verdict; (2) the nature and the bases of the charges were not explained to him; and (3) he was not told that he would be ineligible for parole.

1. The record clearly belies Smith's claims that he was not

---

[1] Pursuant to a joint plea recommendation from the prosecution and the defense, the trial court dead docketed charges of possession of a gun during the commission of a crime and false imprisonment.

[2] *McFadden v. State,* 243 Ga. App. 896, 898 (1) (534 SE2d 566) (2000); *Parks v. State,* 223 Ga. App. 694, 695 (479 SE2d 3) (1996).

[3] (Footnote omitted.) *McFadden,* supra.

[4] *May v. State,* 179 Ga. App. 736, 738-739 (7) (348 SE2d 61) (1986).

[5] Id.

advised of his rights to a jury trial, to confront witnesses, to subpoena witnesses, and to appeal a jury's verdict. Before Smith pled guilty, the prosecutor explicitly advised him on the record of each of those rights. Furthermore, in answer to questions posed by the judge, Smith stated that he understood everything the prosecutor had told him about the rights he was waiving by pleading guilty and that he had no questions.

At the hearing on the motion to withdraw his guilty plea, Smith testified that he felt rushed into entering his guilty plea, that he did not really understand his rights when he pled guilty, and that he had indicated that he understood his rights at that time because he was prompted to do so by his attorney. Smith, who was in his second year of college when he was arrested, testified that he could read and write, that he understood the English language, and that he was not under the influence of any alcohol or drugs when he pled guilty. Moreover, when Smith pled guilty, he told the court that he had received adequate time to speak with his attorney about his case. From these facts, we find no error in the determination that Smith understood the rights he was waiving by pleading guilty.

2. The record also supports a conclusion that Smith understood the nature of the charges to which he pled guilty. The indictment which Smith signed indicating his guilty plea listed the charges against him and the bases for the charges. At Smith's guilty plea hearing, Smith's attorney waived formal reading of the indictment. Nevertheless, the prosecutor read to Smith the offenses with which he was charged, specifying the two offenses that were being recommended for dead docketing and detailing the maximum and minimum punishments for each of the remaining offenses. Afterward, the prosecutor asked Smith if he understood what he was charged with, and Smith responded, "Yes, sir." Then, the prosecutor asked Smith if he had had enough time to talk with his lawyer about his case, including any possible defenses. Smith responded, "Yes, sir."

Later in the hearing, the prosecutor thoroughly set forth the factual bases for the charges against Smith. Afterward, Smith's attorney stated, "[Smith] has never denied his involvement; he has never denied that he did what he's accused of doing. . . ." After the presentation by Smith's attorney, the court asked Smith, "You are admitting your guilt in each and every charge you are pleading guilty to?" Smith said, "Yes." Shortly thereafter, the court asked Smith's attorney, "[H]ave you explained to Mr. Smith what the [S]tate would have to prove in order to convict him in each of these charges and what possible defenses he might have?" The attorney responded, "Yes, [Y]our Honor." Despite Smith's argument, we find that based on this record the trial court did not err in determining that Smith understood the nature of the charges to which he pled guilty.

3. With regard to Smith's claim that he was not advised of his ineligibility for parole, the Supreme Court has held that there is no general requirement that a defendant be advised of his eligibility or ineligibility for parole for his guilty plea to be valid.[6] Nonetheless, before the court accepted Smith's guilty plea, the prosecutor stated on the record, "And because it is a deadly offense, the [S]tate's understanding is that by law the defendant would not be eligible for parole or good time." Smith's guilty plea was not rendered invalid by any lack of advice regarding parole ineligibility.

Because we find that the record sufficiently shows that Smith received the legal advice to which he was entitled and that he entered his guilty plea voluntarily and intelligently, we affirm the denial of his motion to withdraw his guilty plea.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MAY 22, 2001.

*Alicia C. Head*, for appellant.

*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Assistant District Attorney*, for appellee.

---

[6] *Williams v. Duffy*, 270 Ga. 580, 581-582 (1) (513 SE2d 212) (1999); compare *Crabbe v. State*, 248 Ga. App. 314 (546 SE2d 65) (2001) (where defendant pled guilty based upon erroneous advice of counsel that terms of plea bargain would ensure his eligibility for parole, defendant received ineffective assistance of counsel).