## A01A2060. SMALLS v. THE STATE.
(554 SE2d 273)

ELDRIDGE, Judge.

A Chatham County jury found Kenneth Lesean Smalls guilty of robbery by sudden snatching, which charge arose when, at an automated teller machine on the corner of Bull Street and Congress Avenue in Savannah, Smalls grabbed $50 from Kenneth Wills who had just obtained the money from the machine. Smalls appeals, and, upon review of his enumerated errors, we affirm.

1. In his first enumeration of error, Smalls challenges the sufficiency of the evidence introduced against him, claiming that the evidence "is nothing more than a *sui generis* hodge podge of *ipse dixits.*" We disagree.

A jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] Further, "ipse dixit" notwithstanding, "[t]he testimony of a single witness is generally sufficient to establish a fact."[2] In that regard, whether to believe a witness and the facts to which he testifies is solely within the province of the jury as finder of fact; an appellate court determines evidence sufficiency and does not determine witness credibility.[3]

Viewed in a light most favorable to the verdict,[4] the record contains pictures taken at the ATM at 9:55 p.m. on September 23, 1999, which show the victim obtaining money from the machine. The pho-

---

[25] See *Brooks v. State,* 190 Ga. App. 430, 432 (2) (379 SE2d 228) (1989).
[1] *Barber v. State,* 235 Ga. App. 170 (509 SE2d 93) (1998).
[2] OCGA § 24-4-8.
[3] *Kovacs v. State,* 227 Ga. App. 870 (1) (490 SE2d 539) (1997).
[4] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

tographs also show Smalls approaching the victim. Smalls was wearing a white long-sleeved dress shirt that was buttoned to the first button below the neck.

A receipt from the ATM shows that the victim obtained $70 from the ATM. The victim testified that he put one $20 bill into his wallet in a regular fashion for spending, but he folded the remaining bills, two $20s and a $10, and put them in his wallet to save for bill paying purposes. These folded bills were snatched by Smalls when the victim opened his wallet to give Smalls a dollar pursuant to his request.

After taking the money, Smalls ran. The victim chased him, and Smalls never left the victim's sight. The victim caught Smalls several blocks later on Oglethorpe Avenue. After catching him, the victim testified that Smalls gave him conflicting stories; that Smalls

> said he would give me my money back, but he threw it away. He said he would get some more from a friend's house if he — if I'd give him the opportunity to go to a friend's house. He told me he had it in a car, in his car, which was parked down the street. He also told me that he didn't even know me. He denied ever knowing me.

During the ensuing argument, the victim broke the first fastened button off Smalls' shirt. While still following Smalls, the victim was able to flag down a patrol officer, and the subsequent investigation resulted in Smalls' arrest. The two twenty dollar bills and the ten dollar bill were recovered from Smalls' pocket, still folded. A post-arrest photograph taken at the police station shows Smalls in the same shirt as the ATM photograph, but the shirt is opened to the second button below the neck, the first button being broken.

This evidence is sufficient for a rational trier of fact to have found Smalls guilty beyond a reasonable doubt of the indicted offense.[5]

2. In his next two enumerations of error, Smalls claims error in the trial court's admission of similar transaction evidence regarding Smalls' 1993 guilty plea to robbing a man at an ATM, for which offense Smalls was sentenced to three years imprisonment. First, he contends that the prior act was too remote in time from the instant 1999 offense to be admissible. Second, he contends that the trial court erred in permitting the 1993 victim's statement to be read into evidence under the "necessity" exception to the hearsay rule. We find both contentions meritless. "The decision to admit prior similar transaction evidence is within the discretion of the trial court and

---

[5] *Whitehead v. State*, 237 Ga. App. 551, 552 (515 SE2d 866) (1999).

will not be disturbed absent an abuse of discretion."[6]

(a) Smalls concedes the similarity between the instant offense and his prior 1993 act. He claims only that the six-year span between robberies makes the prior act inadmissible.

A lapse of time is a factor to weigh in considering the admissibility of the evidence in question, but it is not the determinative factor.[7] "When similar transaction evidence is otherwise admissible, the elapse of 11 years and 19 years has not demanded exclusion of such evidence. Here, although [six] years separated [Smalls'] earlier [ATM] robbery from the [instant ATM] robbery, part of that time [Smalls] was unavailable to participate in other robberies due to his imprisonment."[8] "It is, moreover, the similarity of the offenses within the meaning of *Williams v. State*[9] that determines the admissibility of such evidence, not whether the span of time between offenses is brief."[10] And the similarity of the offenses is undisputed in this case. Thus, under the circumstances, the prior act evidence was not too remote to be admissible.

(b) Smalls contends the trial court erred in permitting the officer who investigated the prior ATM robbery to read the statement of the victim into evidence under the "necessity" exception to the hearsay rule.

Smalls pled guilty to the prior act. In doing so, he acknowledged the facts as alleged by the victim: "he admitted that he had pled guilty to these crimes and that he had in fact committed them, and he did not contradict the facts underlying his commission of them."[11]

Also, the victim of the prior 1993 robbery could not be located, and Smalls' attorney stipulated "to the fact that they [prosecutors] made a reasonable effort to try to locate this witness." The record contains written documentation of the efforts taken to find the 1993 victim, which supports defense counsel's decision to stipulate.

Thus, both prongs of the "necessity" exception to the hearsay rule were met in this case, i.e., (1) a "particularized guarantee of trustworthiness" as to material facts pursuant to Smalls' admission through his guilty plea; and (2) the "unavailability" of the witness as stipulated to by the parties.[12]

---

[6] (Citations and punctuation omitted.) *Huff v. State*, 248 Ga. App. 233, 235 (546 SE2d 24) (2001).

[7] *Davis v. State*, 226 Ga. App. 83, 87 (485 SE2d 508) (1997).

[8] (Citations and punctuation omitted.) *Nelson v. State*, 242 Ga. App. 63, 65 (4) (528 SE2d 844) (2000).

[9] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[10] *Nelson v. State*, supra at 65.

[11] *Moore v. State*, 207 Ga. App. 412, 417 (427 SE2d 779) (1993).

[12] *Campos v. State*, 273 Ga. 119, 120 (2) (538 SE2d 447) (2000).

Appellant, in admitting to the commission of the [robbery] of the witness as described in the indictment, waived his right to challenge the witness' statements regarding the incident. Therefore, the admission of the evidence did not violate appellant's right under the Confrontation Clause of the Sixth Amendment of the United States Constitution, and there was no error in admitting the statements under the necessity exception of OCGA § 24-3-1 (b).[13]

Accordingly, we find no abuse of discretion in the trial court's decision to allow evidence of Smalls' 1993 robbery to be introduced as a similar transaction.

3. In his final two enumerations of error, Smalls contends he received ineffective assistance of counsel at trial because his attorney (a) failed to claim as inadequate the efforts by the State's investigator to locate the 1993 similar transaction witness; and (b) failed to subpoena Kamal Patel to testify on behalf of the defense. We do not agree.

In order to obtain the reversal of a conviction on a claim that his counsel was ineffective, Smalls has the burden of proving not only that counsel's performance was deficient, but also that the deficiency was so prejudicial to his defense that, but for the deficiency, there is a reasonable probability the outcome of the trial would have been different.[14] The trial court's finding that Smalls was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous.[15]

(a) We find no deficiency in defense counsel's decision to stipulate that the State's investigator "made a reasonable effort" to locate the 1993 similar transaction victim. The stipulation is supported by documentation of those efforts, which appear imminently reasonable to us, as they did to the trial court. Smalls contends his trial attorney had a "sworn duty to 'doubt' " the State's investigator "and to contest the reasonable issue of 'doubt' with all the vigor at his command." However, trial counsel knew the State's investigator, was aware of the attempts he had made to locate the witness, and had no reason to express such "doubt." Contentiousness for the sake of being contentious does not equate with effective assistance of counsel. "And the 'failure to make a meritless objection cannot be evidence of ineffective assistance.' "[16]

---

[13] *Johnson v. State*, 247 Ga. App. 157, 165 (13) (e) (543 SE2d 439) (2000).
[14] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985).
[15] *Parker v. State*, 220 Ga. App. 303, 307 (469 SE2d 410) (1996).
[16] *Demetrios v. State*, 246 Ga. App. 506, 513-514 (7) (b) (541 SE2d 83) (2000).

(b) Smalls also contends that his trial counsel was ineffective for failing to subpoena Patel as a defense witness in order to show that the $50 recovered from Smalls did not come from the victim, but from a check Smalls had cashed that night. Patel owns Mickey's Package Shop in Savannah and also cashes checks as a part of his business. Patel could have testified that Smalls had previously cashed checks at the package shop. At the time of the December 18, 2000 hearing on Smalls' ineffectiveness claim, the information about who specifically had cashed checks on the night in question was lost because Patel's business computer crashed in February 2000. But Smalls contends that if his attorney had properly investigated and interviewed Patel in 1999, that information would have been available and would have been beneficial to Smalls.

Defense counsel, however, testified that Smalls never gave him Patel's name and location in order to investigate and interview him as a potential witness. This Court must accept the trial court's findings regarding the credibility of witnesses and disputed facts.[17] Moreover, Smalls did not testify at the motion for new trial hearing or at trial, and there is no evidence in the record that Smalls cashed a check on the night of the incident. Without any evidence whatsoever that Patel could testify that Smalls did indeed cash a check at Mickey's Package Shop on the incident date, Smalls cannot meet his burden to show that, but for the error he claims occurred, the outcome of the trial would have been different. Accordingly, neither deficiency nor prejudice has been shown.

As both of Smalls' claims of ineffective assistance of counsel are without merit, the trial court's rejection of same was not clearly erroneous.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED AUGUST 20, 2001 —
RECONSIDERATION DENIED SEPTEMBER 12, 2001 — ▬▬▬▬

*Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, Assistant District Attorney*, for appellee.

---

[17] *Ramsey v. State*, 272 Ga. 28, 30 (3) (526 SE2d 842) (2000).