A03A0736. SHIELDS v. THE STATE.
(578 SE2d 566)

JOHNSON, Presiding Judge.

This is an appeal from the trial court's denial of a motion to set aside a guilty plea. We find no error and therefore affirm the trial court's ruling.

Maurice Shields, Prerna Sinha, and Derek Hayes were jointly indicted for four counts of aggravated battery arising from the beat-

---

[4] *Mahone v. State*, 247 Ga. App. 596, 598 (1) (544 SE2d 514) (2001); *Wilson v. State*, 234 Ga. App. 375 (1) (506 SE2d 882) (1998).

ing of Jeri Sasser. Shields was also charged as a recidivist because of several prior criminal convictions. Shields pled not guilty to the charges and was tried, without either Sinha or Hayes, before a jury.

At trial, the state presented 13 witnesses whose testimony established that on March 17, 2001, St. Patrick's day, Sasser and her friend Jona Downs were walking across a street when a car driven by Shields nearly hit them. Downs turned to avoid the car and spilled wine on the car's back. Shields stopped the car, got out of it, approached the two women, hit a cup held by Downs so that wine splashed on her, knocked a cup from Sasser's hand, argued with Sasser, punched her in the face with his fist, and then continued to hit and kick Sasser as she fell to the ground. Sasser suffered a broken nose, a fractured eye socket, and nerve damage to her teeth. Sinha and Hayes, who were riding in the car, got out of the car during the altercation, and then got back in it with Shields as he fled from the scene.

After the state had presented its evidence and rested, Shields decided to enter a guilty plea. He negotiated a plea agreement with the state, and the court held a plea hearing. The court accepted both Shields' guilty plea and the state's recommended sentence of eight years in confinement followed by twelve years of probation. Approximately two weeks after the trial court had entered its sentence and judgment of conviction, Shields moved to set aside his guilty plea on the grounds that it had not been a knowing and voluntary plea, and that he had not received effective assistance of counsel. The trial court denied the motion, and Shields appeals from that ruling.

1. Shields claims that the trial court erred in not allowing him to withdraw his guilty plea because it was not knowingly and voluntarily entered. The record, however, contradicts Shields' claim.

> When a defendant challenges the validity of his guilty plea, the State bears the burden of showing that the plea was entered voluntarily and intelligently and that the defendant had an understanding of the nature of the charges against him and the consequences of the plea. The State may meet its burden in two ways: (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[1]

---

[1] (Punctuation and footnote omitted.) *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001).

In the instant case, the state has met its burden by showing from the record that Shields was cognizant of the rights he was waiving and of the possible consequences of his plea. The record contains a transcript of the plea hearing and a sworn statement signed by Shields, both of which establish that Shields' guilty plea was knowing and voluntary. The transcript and the sworn statement reveal that Shields informed the trial court that he was not under the influence of any alcohol or drugs, that he knew the offenses he was charged with, that he understood the minimum and maximum penalties for the offenses, that he understood the terms of the negotiated plea agreement, that he understood all the various jury trial rights he would waive by pleading guilty, that no one had influenced his guilty plea by making threats or promises to him, that his plea was voluntary, that he had adequate time to consult with his lawyer, that he was satisfied with his lawyer's service, and that he is in fact guilty of the crimes charged.

After a criminal defendant has been sentenced, the question of whether he may withdraw his guilty plea is vested in the sound discretion of the trial court, and that discretion will not be disturbed unless it is manifestly abused.[2] Because the record here plainly establishes that Shields' guilty plea was made voluntarily and intelligently, the trial court did not abuse its discretion in refusing to set aside the plea.

2. Shields complains that his counsel was ineffective because he failed to subpoena co-indictee Sinha to testify at trial. Again, Shields' complaint is completely contradicted by the record. Before the trial court held the guilty plea hearing, Shields' counselor stated on the record that he had spoken to Sinha's attorney, that the attorney had accepted service of a subpoena on Sinha, and that Sinha was available to be called as a witness, but that she would exercise her Fifth Amendment right against self-incrimination if called to the witness stand. Moreover, Sinha's attorney was also in court and confirmed that Sinha, if called as a witness, would assert her Fifth Amendment right not to testify.

Under these circumstances, Shields' ineffective assistance claim based on an alleged failure to subpoena the witness must fail. He can show neither that his counsel's performance was deficient nor that the alleged deficiency prejudiced his defense.[3] Accordingly, the trial court's denial of Shields' ineffective assistance of counsel claim was not clearly erroneous and must be upheld.[4]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

---

[2] Id.

[3] See *Rowland v. State*, 228 Ga. App. 66, 68 (3) (491 SE2d 119) (1997).

[4] See *Smalls v. State*, 251 Ga. App. 516, 519-520 (3) (554 SE2d 273) (2001).

DECIDED FEBRUARY 26, 2003.

*Darden, Burns & Burns, Richard M. Darden, Jennifer R. Burns,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney,* for appellee.