A08A0145. McCLAM v. THE STATE.
(662 SE2d 790)

SMITH, Presiding Judge.

A jury found Eugene McClam guilty of aggravated stalking, terroristic threats, and harassing phone calls. Following the denial of his motion for new trial, McClam appeals, contending he received

---

ineffective assistance of counsel. Having reviewed the record, we affirm.

> To show ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. There is a strong presumption that trial counsel provided effective representation and, generally, matters of reasonable trial strategy do not amount to ineffective assistance of counsel. A trial court's findings of fact on a claim of ineffective assistance of counsel should be upheld, unless they are clearly erroneous. A reviewing court weighs the effectiveness of trial counsel's performance from counsel's perspective at the time of trial.

(Citations and punctuation omitted.) *Cauley v. State*, 287 Ga. App. 701, 704-705 (3) (652 SE2d 586) (2007); see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

McClam contends that his trial counsel was ineffective in failing to object to the State's notice of its intent to introduce evidence in aggravation of punishment. He argues that trial counsel should have objected because the notice was untimely and the State failed to list specifically the convictions that were to be introduced. McClam also contends that counsel failed to inform him prior to trial that the State filed the notice and that if he had been informed prior to trial, he would have accepted the State's plea offer. All of these arguments are without merit.

1. OCGA § 17-16-4 (a) (5) provides that

> [t]he prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders but in no event later than the beginning of the trial, provide the defendant with notice of any evidence in aggravation of punishment that the state intends to introduce in sentencing.

Here, the State filed the notice five days before trial. Because the notice was provided before trial, it was timely. See *Copeland v. State*, 269 Ga. App. 424, 424-425 (1) (604 SE2d 223) (2004). Moreover, the State, counsel, and the court discussed McClam's prior convictions in detail during two separate pretrial hearings held more than sixty days before trial. Under these circumstances, trial counsel could not have been ineffective for failing to make a futile objection. See *Snelson v. State*, 286 Ga. App. 203, 209 (4) (648 SE2d 647) (2007).

2. The notice was also sufficient to put McClam on notice of the convictions the State was seeking to use in aggravation of punishment. "The important requirement is that the defendant be given an

unmistakable advance warning that the prior convictions will be used against him at sentencing so that he will have enough time to rebut or explain any conviction record." (Citations and punctuation omitted.) *Evans v. State*, 290 Ga. App. 746, 748 (2) (660 SE2d 841) (2008). Because each conviction was presented with specificity during the pretrial hearings held two months before trial, we cannot say that trial counsel was ineffective in failing to challenge the State's notice on this ground. See *Snelson*, supra, 286 Ga. App. at 209 (4).

3. Finally, contrary to McClam's argument at the hearing on the motion for new trial and on appeal, the record reveals that trial counsel informed him of the possibility of recidivist sentencing before trial. And the trial court specifically found that McClam's testimony on this issue was incredible. Although McClam claimed that counsel did not inform him that the State intended to introduce his prior convictions until the day of trial, "determining the credibility of these witnesses was a matter for the trial court's discretion." (Citations and punctuation omitted.) *Ford v. State*, 234 Ga. App. 301, 303 (2) (506 SE2d 668) (1998).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 29, 2008

*James C. Bonner, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.