## A08A0834. HORTMAN v. THE STATE.
(670 SE2d 99)

MIKELL, Judge.

Following a bench trial, Bradley Hortman was convicted of making terroristic threats (Count 1) and harassing phone calls (Count 2). Following the denial of his amended motion for new trial, Hortman appeals, contending he received ineffective assistance of counsel.[1] Having reviewed the record, we affirm.

"On appeal from a criminal conviction after a bench trial, we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility."[2] So viewed, the evidence shows that on May 10, 2006, Janet Eddy was working at Ding and Dent Collision when Hortman, a former co-worker and friend, called her on the phone and said "Your time has run out, somebody's fixed to get hurt and I hope it's only you." Eddy placed the phone on speaker and told Hortman she was calling the police. Sandy Lovvorn, Eddy's boss, overheard

---

[15] *Muller v. State*, 284 Ga. 70, 73-74 (3) (663 SE2d 206) (2008).

[1] Pursuant to Court of Appeals Rule 23 (b), the state is required to file a brief in all criminal appeals when it is the appellee. Despite this requirement, the state failed to file a brief in this case. We remind the state that failure to adhere to this rule may subject the offending attorney to a finding of contempt.

[2] (Punctuation and footnote omitted.) *Williams v. State*, 287 Ga. App. 40, 41 (1) (651 SE2d 347) (2007).

the call and called the police. Both Eddy and Lovvorn recognized Hortman's voice and identified him at trial.

Officer Josh Wilcox of the Warner Robins Police Department testified that he met with Eddy on May 10; that Eddy told him that Hortman had called her several times in the days leading up to May 10; and that Hortman had called that day and said, "This is Bradley, your time is just about run out, somebody's going to be hurt and I hope it's only you." Wilcox also interviewed Lovvorn, who explained that Eddy placed the phone on speaker; that Lovvorn heard the threat; and that she immediately identified Hortman's voice.

Hortman testified at trial and denied calling Eddy on May 10, 2006. He explained that according to his phone records, he last spoke to Eddy on April 1, 2006, when she called his cell phone. He testified that the charges against him were false; that Eddy had borrowed money from him and never paid him back; and, that Eddy made up the phone call because she needed money. He explained that "[Eddy] manifested this story on account of my grandfather [died and] she thinks I came into some money and the only thing I can figure that she was trying to get me to plead guilty on this case where she can take me to civil court and try to get more money out of me." The trial court found Hortman guilty and sentenced him to four years on Count 1 and a concurrent sentence of one year on Count 2, with ninety days to be served in confinement and the balance on probation.

Hortman contends the trial court clearly erred in denying his amended motion for new trial. He alleges that his trial counsel rendered ineffective assistance of counsel because he failed to: (a) present the testimony of Hortman's mother that Hortman was at her house all day on May 10, 2006, and that he only had access to her home phone and his cell phone, neither of which showed any calls to Eddy; (b) present the testimony of Hortman's girlfriend that she was working with him all day on May 10, 2006, and that he did not call Eddy; (c) present the testimony of Scott Patterson, Hortman's former co-worker, that Hortman did not get fired, that Eddy owed Hortman $1,800, and that Hortman had never been to rehab; (d) present the testimony of Hortman's girlfriend's daughter that Hortman had never called Eddy in her presence but that Eddy had called him; (e) subpoena telephone records for Hortman's cell phone records, his mother's home phone, Ding and Dent's phone, or Eddy's home and cell phone; (f) interview any of the state's witnesses or obtain records to prove that a lawsuit between Eddy and Hortman had been resolved; (g) suggest that Hortman take a polygraph test; and (h) file any motions in the case. According to Hortman, the witnesses and evidence would have supported his defense that he did not call Eddy on May 10, 2006. At the motion for new trial hearing,

trial counsel testified that he did not call any witnesses because he did not think they "had any helpful information" for the case.

> To show ineffective assistance of counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. There is a strong presumption that trial counsel provided effective representation and, generally, matters of reasonable trial strategy do not amount to ineffective assistance of counsel. A trial court's findings of fact on a claim of ineffective assistance of counsel should be upheld, unless they are clearly erroneous. A reviewing court weighs the effectiveness of trial counsel's performance from counsel's perspective at the time of trial.[3]

a. Hortman argues his trial counsel was ineffective because he failed to present the testimony of Hortman's mother that Hortman was at her house all day on May 10, 2006, and that he only had access to her home phone and his cell phone, neither of which showed any calls to Eddy. Mrs. Hortman testified at the motion for new trial hearing that she was in her house all day while Hortman was working on a room above the carport; that she was "in and out" of the carport all day; and that she faxed to Hortman's trial counsel phone records from her home phone and Hortman's cell phone, neither of which reflected an outgoing call to Ding and Dent. However, Mrs. Hortman was not with her son every second of the day and could not account for all of his time that day. Moreover, her testimony does not prove that Hortman did not call Eddy at Ding and Dent on May 10, 2006; rather, it merely shows that Hortman did not make the call from his cell phone or his mother's home phone. Thus, we find no reasonable likelihood that the absence of this testimony impacted the outcome of the trial or prejudiced Hortman.[4]

b. Hortman argues his trial counsel was ineffective because he failed to present the testimony of Hortman's girlfriend that she was with him all day on May 10, 2006, and that he did not call Eddy. Vickie Ortiz testified at the motion for new trial hearing that on May 10, 2006, she and Hortman were working on the room above Mrs. Hortman's carport; that they only had access to two phones, the home phone and Hortman's cell phone; that she did not remember Hortman making any calls that day; and, that he was "not really"

---

[3] (Citations omitted.) *McClam v. State*, 291 Ga. App. 697, 698 (662 SE2d 790) (2008).

[4] See, e.g., *Stanford v. State*, 288 Ga. App. 463, 467 (1) (c) (654 SE2d 173) (2007) (counsel was not deficient in failing to obtain copies of cell phone records where such evidence would not have impacted the trial).

out of her sight that day. Ortiz's testimony, likewise, does not prove that Hortman did not call Eddy at Ding and Dent on May 10, 2006; rather, it merely shows that Hortman did not make the call from his cell phone or his mother's home phone in Ortiz's presence. Again, we find no reasonable likelihood that the absence of this testimony impacted the outcome of the trial or prejudiced Hortman.[5]

c. Hortman argues his trial counsel was ineffective because he failed to present the testimony of Patterson, Hortman's former co-worker, that Hortman did not get fired from Ding and Dent; that Eddy owed Hortman $1,800; and, that Hortman had never been to rehab. However, Hortman makes no effort to establish how he was prejudiced by the absence of this testimony. At trial, Eddy testified that Hortman had sued her for money she had borrowed from him, but that the lawsuit had been resolved by May 2006. She also testified that Hortman had been to rehab many times and that she believed he was on drugs when he called her on May 10. Although Patterson's testimony arguably could have impeached Eddy's credibility in some respects, it has no bearing on whether Hortman threatened Eddy on May 10, 2006.[6] Thus, we fail to see any prejudice.

d. Hortman argues his trial counsel was ineffective because he failed to present the testimony of Meagan Ortiz, Vickie Ortiz's daughter, that Hortman had never called Eddy in her presence but that Eddy had called him. Since this testimony does not show one way or the other whether Hortman called and threatened Eddy on May 10, 2006, we fail to see any prejudice.[7]

e. Hortman argues his trial counsel was ineffective because he failed to subpoena telephone records for (1) Hortman's cell phone records, (2) his mother's home phone, (3) Ding and Dent's phone, or (4) Eddy's home and cell phones. Although trial counsel did not explain his failure to subpoena the telephone records in the motion for new trial hearing, we note that counsel may have found them useless since the telephone call was corroborated by one witness in addition to the victim. Nonetheless, we addressed the absence of the records for Hortman's cell phone and his mother's home phone in subsection (a) of this opinion and ruled that it did not impact the outcome of Hortman's trial.

Similarly, we reject Hortman's claim that counsel was ineffective for failing to subpoena telephone records for Ding and Dent's phone, and Eddy's home and cell phones. Hortman failed to proffer the evidence that would have been revealed by these phone records in the motion for new trial hearing, and, therefore, cannot establish

---

[5] See id.

[6] See, e.g., *Grooms v. State*, 261 Ga. App. 549, 552 (3) (c) (583 SE2d 216) (2003).

[7] See id.

that they would have changed the outcome of the trial. "Absent a proffer, defendant cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case."[8] Accordingly, the trial court's denial of this claim of ineffectiveness was not clearly erroneous.

f. Hortman argues his trial counsel was ineffective because he failed to interview any of the state's witnesses or obtain records to prove that a lawsuit between Eddy and Hortman had been resolved six months before the threatening call. As to the latter, Hortman failed to proffer the records during the motion for new trial hearing and makes no effort to explain how he was prejudiced by the absence of these records. In any event, the evidence would have been cumulative since both Hortman and Eddy confirmed at trial that a lawsuit between them had been resolved before May 10, 2006.

As to the former, Hortman contends that counsel's failure to interview Wilcox and cross-examine him at trial left the trial court with the impression that Wilcox actually heard the threatening phone call when in fact he merely interviewed Eddy and Lovvorn about the call. While the trial judge expressed some confusion about Wilcox's testimony during the motion for new trial hearing, which occurred two months after the trial, it is clear from the trial transcript that the trial judge clearly understood that only Lovvorn overheard the call and that Wilcox merely observed Eddy's and Lovvorn's demeanor when he arrived on the scene after the fact. Accordingly, the trial court did not err in denying Hortman's motion for new trial on this ground.

g. Hortman argues his trial counsel was ineffective because he failed to suggest that Hortman take a polygraph test. However, Hortman failed to proffer any evidence in the motion for new trial hearing to show that the test would have elicited any admissible evidence that would have changed the outcome of the trial.[9] Additionally, he has not asserted, argued, or presented evidence that the state was even willing to enter into a stipulation to authorize the admission of any polygraph results. In Georgia, "[t]he results of a polygraph examination are inadmissible except by stipulation of the parties."[10] Since Hortman did not establish that trial counsel's performance was deficient in this regard or that he suffered prejudice therefrom, reversal on this ground is not warranted.

h. Lastly, Hortman argues his trial counsel was ineffective because he failed to file any motions in the case. Counsel testified at

---

[8] (Citation and punctuation omitted.) *Sanders v. State*, 253 Ga. App. 380, 382 (559 SE2d 122) (2002).

[9] See *Wheat v. State,* 282 Ga. App. 655, 657 (1) (c) (639 SE2d 578) (2006).

[10] (Citation omitted.) *Thornton v. State*, 279 Ga. 676, 679 (4) (620 SE2d 356) (2005).

the motion for new trial hearing that a standing order was issued in the case, which meant that it was not necessary to file individual discovery motions because all motions were "deemed filed." Regardless, Hortman "neither shows what motions . . . should have been filed nor does he address what harm was caused by the lack of motions."[11] Accordingly, he cannot show prejudice. The trial court did not err in denying Hortman's amended motion for new trial on all grounds alleged.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 3, 2008.

*T. Robert Perkerson*, for appellant.
*Kelly R. Burke, District Attorney*, for appellee.

---

[11] *Harkness v. State*, 225 Ga. App. 864, 866 (2) (485 SE2d 810) (1997).