### A09A1988. BROWN v. THE STATE.
(692 SE2d 386)

DOYLE, Judge.

Following the denial of his motion to withdraw a negotiated guilty plea, Derrick Maurice Brown filed this appeal contending that the trial court erred by (1) denying his claim for ineffective assistance of counsel, and (2) finding that his guilty plea was knowing and voluntary. Finding no merit in Brown's arguments, we affirm.

The record shows that in January 2008, Brown, a staff member at Central State Hospital, pleaded guilty to sexually assaulting a person in custody,[1] based on an allegation that he forced a resident to perform oral sex on him. As part of the plea negotiation, a second charge of aggravated sodomy[2] was nolle prossed. Instead of facing a possible sentence of twenty-five years to life based on the alleged

---

[1] OCGA § 16-6-5.1 (d).

[2] OCGA § 16-6-2 (a) (2).

offenses,[3] Brown was sentenced to five years probation along with certain sexual offender conditions.[4]

In February 2008, within the same term of court, Brown moved to withdraw his guilty plea, arguing that he received ineffective assistance of counsel leading up to his guilty plea and that his plea was not knowingly and voluntarily made. The trial court held a hearing and denied his motion, and Brown appealed to this Court. Because Brown was still represented by trial counsel at the withdrawal hearing, we remanded the case for rehearing with new counsel.[5]

In February 2009, the trial court held a new hearing on Brown's motion to withdraw his guilty plea, this time with newly appointed counsel. Both Brown and his trial counsel testified, Brown's new counsel argued his asserted grounds, and the trial court denied Brown's motion. Brown now appeals that order.

1. Brown contends that he received ineffective assistance of counsel leading up to his guilty plea.

To succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[6] In the context of such a claim after a guilty plea, "the proper question at the prejudice step is whether [Brown] demonstrated that, but for counsel's deficient performance, there is a reasonable probability that he would [not] have accepted the state's plea offer."[7] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed . . . under the circumstances of the case."[8] If an appellant fails to meet his burden of proving either deficient performance or prejudice, the reviewing court need not examine the other prong.[9] In reviewing the trial court's decision,

---

[3] See OCGA § 16-6-2 (b) (2).

[4] Based on questions of proof establishing the date of the offense, it was unclear whether sexual offender status was mandatory at that time. See OCGA § 42-1-12 (10) (A) (xi). The sexual offender status was later removed from the sentence without opposition from the State.

[5] See *Brown v. State*, 295 Ga. App. 107, 108 (670 SE2d 900) (2008) ("although Brown was represented by trial counsel, an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, and thus new counsel is required when that claim is raised") (punctuation omitted).

[6] See *Strickland v. Washington*, 466 U. S. 668, 687-688, 694 (III) (A), (B) (104 SC 2052, 80 LE2d 674) (1984).

[7] (Punctuation omitted.) *Johnson v. State*, 301 Ga. App. 423, 426 (687 SE2d 663) (2009).

[8] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[9] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

"[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[10]

Here, Brown argues that his counsel was deficient in the following ways: (i) allowing a polygraph test (which resulted in a finding of deception) and failing to obtain a second polygraph test, (ii) failing to adequately investigate Brown's excuse that he was changing clothes for a job interview to explain why he was seen in a resident's room without his pants on, and (iii) failing to advise Brown that he might avoid sexual offender status at trial based on the date of his offense.

(a) *Polygraph testing*. Prior to his plea, Brown took a polygraph test that resulted in a finding of deception. He argues that his trial counsel performed deficiently for allowing him to take the test. However, this argument is belied by the transcript of the second plea withdrawal hearing, which reveals testimony from Brown's trial counsel that Brown took the polygraph test voluntarily despite her advice not to. Further, with respect to Brown's request to take a second stipulated test, the transcript shows that trial counsel discussed the issue with the State, and the State would not agree to a second test. We find trial counsel's advice well within the wide range of reasonable professional assistance required by Brown's right to counsel. Further, in light of trial counsel's discussion with the State about admission of a second stipulated test, Brown cannot show deficient performance without demonstrating "that the state was even willing to enter into a stipulation to authorize the admission of [the] polygraph results."[11] Accordingly, this argument fails.

(b) *Failure to investigate*. Part of the State's evidence was that Brown was seen coming from or going into the room of a resident (who complained about Brown's misconduct) while wearing only his underwear. Brown argues that he was merely changing clothes for a job interview and that his trial counsel should have developed proof of the interview. However, trial counsel testified that Brown informed her of this excuse, but that she did not find it very helpful to his case — "I said that's fine, but that doesn't explain why you were in the room" unclothed. Trial counsel also testified that Brown indicated he would bring her a letter from the prospective employer corroborating his excuse. Brown apparently never did, and we find trial counsel's decision not to pursue other evidence to be a matter of

---

[10] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

[11] *Hortman v. State*, 293 Ga. App. 803, 807 (g) (670 SE2d 99) (2008) (without showing "that the state was even willing to enter into a stipulation to authorize the admission of any polygraph results," appellant could not demonstrate deficient performance for failing to obtain a test).

reasonable trial strategy. An

> attorney's decisions on . . . what evidence to introduce . . . and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel. . . . A strong presumption exists that representation has been effective, and [reasonable] trial strategy and tactics do not establish ineffective assistance.[12]

(c) *Sex offender status*. Brown also argues that his counsel failed to inform him that, based on uncertainty in the proof of the date of the offense, sexual offender status was not necessarily a mandatory outcome of a guilty verdict had he gone to trial. However, the hearing transcript reflects that trial counsel fully discussed the applicability vel non of the sexual offender status and what the sexual offender requirements would be. Further, at the original plea hearing, Brown testified that his trial counsel had explained the potential punishments and the sexual offender provisions to him. Therefore, viewed in support of the trial court's findings, the record supports a finding that Brown was fully informed of the potential punishments and consequences of his guilty plea.

2. Having found Brown's representation to be adequate, we turn to whether his guilty plea was knowingly and voluntarily made.

> When a defendant challenges the validity of a guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or (2) filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.[13]

Here, the State provided the transcript of Brown's plea hearing, in which the trial court explicitly questioned Brown's understanding of: the nature of the charges; Brown's right to counsel; Brown's right to a jury trial; the presumption of innocence; the opportunity to present evidence, to subpoena witnesses, and to cross-examine State's witnesses; the State's burden of proof; the right to appeal; the

---

[12] (Punctuation and footnote omitted.) *Ray v. State*, 253 Ga. App. 626, 627 (2) (560 SE2d 54) (2002).

[13] (Punctuation omitted.) *Tomlin v. State*, 295 Ga. App. 369, 371 (2) (671 SE2d 865) (2008).

terms of Brown's negotiated plea; the minimum and maximum sentences; and the consequences of his plea. Brown stated that he understood his rights and his plea, that he was satisfied with counsel's representation, and that he was in fact guilty of the offense. Moreover, "[w]here, as here, the defendant has legal representation, a presumption arises that defense counsel routinely explained the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."[14] The record before us "supports a determination that [Brown's] guilty plea was a voluntary and intelligent choice among the alternative courses of action open to him. Accordingly, the trial court did not abuse its discretion in denying [Brown's] motion to withdraw his guilty plea on this ground."[15]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 25, 2010.

*Bernadette C. Crucilla*, for appellant.
*Howard Z. Simms, District Attorney, Sandra G. Matson, Myra Y. Hutchinson, Assistant District Attorneys*, for appellee.

---

[14] (Punctuation omitted.) *Clark v. State*, 299 Ga. App. 558, 560 (683 SE2d 93) (2009).
[15] (Citation and punctuation omitted.) *Tomlin*, 295 Ga. App. at 372 (2). See also *Shields v. State*, 259 Ga. App. 906, 908 (1) (578 SE2d 566) (2003).
[1] See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).