## A10A1577. LAVENDAR v. THE STATE.
### (701 SE2d 892)

BARNES, Presiding Judge.

April Amie Renee Lavendar appeals the trial court's denial of her motion to withdraw her plea of guilty to aggravated assault and her motion for resentencing. For the reasons that follow, we affirm.

In February 2009, Lavendar entered a nonnegotiated plea of guilty to three counts of aggravated assault. The State submitted that the charges arose from an incident in which twenty-two-year-old Lavendar assaulted her pregnant, sleeping roommate with no provocation, striking her repeatedly with a baseball bat and stabbing her three times with a knife. After the attack, Lavendar called 911 to request medical help and called back when paramedics did not arrive promptly. The victim sustained very serious injuries, testifying at the plea hearing about her emotional trauma as well as her physical injuries, including a broken hand, a stab wound in her breast, a laceration on her arm requiring twelve stitches, and five head lacerations requiring more than thirty stitches. As the victim described it, "One of the head lacerations was so deep that it was down to the thin membrane that covers the skull."

An expert forensic psychiatrist testified for Lavendar that, in his opinion, she had no memory of the event, and she was not malingering. He surmised that Lavendar's traumatic childhood may have been the underlying cause for her "snap," along with the stress of a contentious divorce and financial problems, but had no clear explanation for why Lavendar, with no history of violence, committed the act. Lavendar's attorney noted that the case was "bizarre" because no explanation existed for the attack, but argued that Lavendar was "tremendously remorseful" and posed no continuing threat to

society that would be served by a lengthy incarceration. Lavendar did not testify, her counsel explained, because she could not remember or explain the attack, but could only say how sorry she was and how willing she was to obtain the counseling she now knew she needed. Counsel sought a sentence of 20 years on probation and asked that Lavendar be sentenced as a first offender, noting that, except for the egregiousness of the attack, no aggravated circumstances existed to warrant the State's recommended sentence of 20 years to serve 15.

The State agreed the case was "very, very odd," but argued that without an explanation for the attack, it was impossible to predict Lavendar's future behavior and therefore a lengthy incarceration was an appropriate sentence to protect the victim and the community.

In accepting the guilty plea and pronouncing sentence, the trial court acknowledged Lavendar's deeply traumatic childhood. The court also noted, however, that Lavendar's actions had consequences, sentencing her on each of the three counts to twenty years to serve fifteen in confinement concurrently. In April 2009, Lavendar moved to withdraw her plea, arguing that her plea was not voluntary, her attorney was ineffective, and the trial court failed to properly consider her request for first offender treatment. She amended her motion to add that the State's sentence recommendation was "unjust and inequitable." Lavendar also moved the court to modify her sentence, arguing that, with 15 years to serve, hers was the harshest sentence in Georgia for a woman convicted of aggravated assault. She argued that she wanted to take the State's initial plea offer of twenty years to serve ten in confinement.

After a hearing in August 2009, the trial court denied both motions, and Lavendar filed a notice of appeal. Lavendar also moved the trial court for reconsideration of its order denying her motions, but in October 2009 the trial court found it lacked jurisdiction to address the motion because Lavendar had filed a notice of appeal. The court also determined that Lavendar was indigent and directed her to apply for appointed counsel in an order signed in May 2009 and filed in September 2009.

Lavendar's appeal was docketed in this court on October 16, 2009, before appellate counsel was appointed, so the case was remanded to the trial court and Lavendar was directed to refile her appeal within 30 days of the appointment. After receiving the remittitur from this court, the trial court appointed appellate counsel in December 2009 and subsequently granted Lavendar an extension of 30 days in which to file a notice of appeal. Before the thirty days expired, the trial court held two hearings on Lavendar's motion for reconsideration of its August 2009 order denying her

motion to withdraw her guilty plea and denied the motion for reconsideration.

Lavendar appeals, arguing that the trial court erred in refusing to allow her to testify at the motion hearing that the victim was the initial aggressor and that Lavendar had done everything she could to mitigate the damage she caused.[1] Lavendar contends that the trial court denied her the fundamental constitutional right to testify on her own behalf, but a defendant's right to testify applies to a trial on the question of guilt or innocence, not to a hearing on a motion to withdraw a guilty plea. See OCGA § 24-9-20 (b); *Boone v. State*, 224 Ga. App. 563, 564 (4) (481 SE2d 569) (1997) (criminal defendant has a fundamental right to testify).

A defendant has an absolute right to withdraw a guilty plea before sentence is pronounced, OCGA § 17-7-93 (b), and a trial court may grant a motion to withdraw a guilty plea that is filed before the expiration of the term at which the plea was entered. *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985). Lavendar moved to withdraw her plea after sentence was pronounced but within the same term of court, so the trial court had jurisdiction to consider the motion.

A defendant may challenge the validity of a guilty plea by showing it was not entered voluntarily and intelligently, or that she did not understand the nature of the charges against her and the consequences of the plea. *Smith v. State*, 249 Ga. App. 666 (549 SE2d 487) (2001). In this case, the plea hearing transcript reveals that Lavendar confirmed that she had read and fully understood the charges pending against her, and understood that by pleading guilty she gave up her right to trial by jury. She confirmed that she understood she could receive from one to twenty years in confinement for these offenses, that the State was recommending a twenty-year sentence to serve fifteen in confinement, and that she was entering a nonnegotiated plea. She understood that while her attorney would also make a sentence recommendation, the judge could sentence her up to the maximum permitted by law. She testified that no one used force, threats, or promises to make her plead guilty against her will, that she was satisfied with the services of her attorney, that her decision to plead guilty was made freely and voluntarily, that she in fact committed the offenses charged against her, and that the facts outlined by the State were accurate.

Given this evidence, the State has met its burden by showing

---

[1] While Lavendar also enumerated as error the trial court's refusal to consider evidence that her sentence was disproportionate and manifestly unjust, she failed to argue that issue in her appellate brief and thus we will not address it.

from the record that Lavendar was cognizant of the rights she was waiving and of the possible consequences of her plea. *Shields v. State*, 259 Ga. App. 906, 907 (1) (578 SE2d 566) (2003). Accordingly, the trial court did not err in denying her motion to withdraw.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED SEPTEMBER 29, 2010.

*Sandra C. Gerald*, for appellant.
*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.