A00A1671. HUNT v. THE STATE.
(536 SE2d 251)

ELDRIDGE, Judge.

Gregory Hugh Hunt was tried in the Superior Court of Gwinnett County on an accusation charging him and his co-defendant, Dexter

---

Bernard Freeman, with three counts of first degree forgery.[1] The related facts, viewed in a light to uphold the verdict,[2] are as follows:

At approximately 4:00 p.m. on June 24, 1997, Freeman drove up to the drive-through teller at Commercial Bank of Georgia in Lawrenceville. He pulled into an available booth farthest from the teller window. Appellant Hunt was the sole passenger in the car. Freeman and Hunt were laughing, and Freeman stated to the teller that "he had been looking for it [the bank] for awhile." Freeman then placed three checks from the same payor made out to three different payees into the transaction tube; placed three driver's license identifications ("IDs") from the payees to whom the checks were made out into the transaction tube; placed the tube into the vacuum sender; and sent the items to the teller.

Upon receipt, the teller believed that one of the driver's license IDs, i.e., "Manuel David, Jr." ("Mr. David"), looked like Hunt and that one of the other driver's license IDs looked like Freeman. However, the teller became suspicious because the third ID, with its related check, was for a female payee who was not present in the car with the two men. In addition, the teller did not recognize the payor's signature line. A review of the payor's signature card on file with Commercial Bank showed that the signature on the card did not match the one on the checks. A telephone call to the payor showed that the checks were stolen and forged. The police were called, and Hunt and Freeman were arrested. Neither the three driver's license IDs nor their associated checks belonged to Hunt or Freeman.

A jury found Hunt not guilty under Counts 1 and 2 of the accusation regarding two of the three checks sent by Freeman through the transaction tube to the drive-through teller. But the jury found Hunt guilty of first degree forgery under Count 3 regarding the check made out to Mr. David, whose related driver's license ID looked — to the teller — like Hunt. *Held*:

In pertinent part as related to this case, a person commits the offense of forgery in the first degree when, with intent to defraud, he knowingly possesses any writing in such a manner that the writing purports to have been made by another person, and he utters or delivers such writing. OCGA § 16-9-1 (a). In his sole enumeration of error, Hunt contends that the evidence was insufficient to prove that he ever possessed the check made out to Mr. David under Count 3 of the accusation or that he ever delivered such writing to the teller.

We agree that there is no direct evidence that shows Hunt possessed and delivered the checks. The direct evidence shows that co-

---

[1] Freeman pled guilty to the offenses as charged and is not before this Court on appeal.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

defendant Freeman possessed and delivered all of the checks, and he, in fact, pled guilty to the charges. However, the inquiry does not end there. In this case, the trial court charged the jury on the law as it relates to "party to a crime." Thus, the question becomes whether the circumstantial evidence is sufficient to prove beyond a reasonable doubt that Hunt was a party to Freeman's crime. *Bullard v. State*, 263 Ga. 682, 684-685 (436 SE2d 647) (1993). On the evidence of record before this Court, the answer — as a matter of law — is no.

Under OCGA § 16-2-20 (b), a person may be found guilty as a party to a crime if that person:

> (1) Directly commits the crime; (2) Intentionally causes some other person to commit the crime under such circumstances that the other person is not guilty of any crime either in fact or because of legal incapacity; (3) Intentionally aids or abets in the commission of a crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime.

Furthermore, although criminal intent may be inferred from conduct before, during, and after the commission of the crime, "presence at the scene of the crime is not sufficient to show that a defendant is a party to the crime under OCGA § 16-2-20. Even approval of the act, not amounting to encouragement, will not suffice." (Citations omitted.) *Bullard v. State*, supra at 684-685.

Here, there was no evidence that Hunt intentionally aided, abetted, advised, counseled, encouraged, procured, or hired Freeman to possess and deliver the checks. Freeman did not testify at trial, and neither did Hunt. There was no evidence presented that Hunt touched the checks, touched the IDs, communicated with the teller about the checks or IDs, or communicated with Freeman about the checks or IDs. There was no evidence presented of conduct by Hunt either before or after the checks were delivered from which to infer Hunt even knew about Freeman's crime, let alone aided and abetted in its commission. No statements were given to the police that either directly or impliedly connected Hunt to the forgeries. And Hunt was cooperative with the police at the time of arrest. The only evidence presented at trial was that Hunt was a passenger in the car at the time Freeman possessed and delivered the checks. Accordingly, on its face, the State's evidence was insufficient to support the verdict. *Crumpton v. State*, 240 Ga. App. 422, 423 (1) (523 SE2d 624) (1999).

It appears to this Court that the only factual difference between the counts of the accusation for which the jury found Hunt "not guilty" and Count 3 of the accusation for which the jury convicted Hunt was the teller's testimony that she thought Hunt looked like

the picture ID of Mr. David — although Mr. David's check was possessed and delivered solely by Freeman in the same manner and at the same time as the other two checks.

As a matter of law, we find the teller's testimony that she thought Hunt looked like the picture ID of Mr. David cannot, without more, support a finding that Hunt intentionally aided and abetted Freeman in the possession and delivery of the check made out to Mr. David. There is no evidence that Hunt was trying to pose as Mr. David or was even aware of the existence of Mr. David's ID. Hunt's picture taken at the time of arrest and the driver's license ID of Mr. David are both in the record; there appears to be little similarity between the two men. The teller did not testify that Hunt suggested to her in any fashion that he was Mr. David. And the teller did not ask Hunt if he was Mr. David. Upon arrest, Hunt did not identify himself as Mr. David or otherwise mention that name. Thus, the teller's mistaken belief that Hunt was Mr. David, based solely on her own unarticulated, unverified perceptions of Hunt, which perceptions were not initiated or supported by any action or averment on Hunt's part, cannot serve to make Hunt an intentional party to Freeman's possession and delivery of the check made out to Mr. David.

> [T]he State had the burden of proving guilt. In a case such as this one, involving wholly circumstantial evidence, the law demands that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

(Citations and punctuation omitted.) *Reid v. State*, 212 Ga. App. 787, 789 (442 SE2d 852) (1994).

Here, the teller's incorrect, unsupported assumption is not a proven fact of anything related to Hunt or his presence in Freeman's car. Accordingly, such testimony cannot support a conviction based on circumstantial evidence. "The circumstantial evidence presented here was insufficient to exclude every other reasonable hypothesis save that of [Hunt's] guilt, and his conviction must be reversed." *Reid v. State*, supra at 789.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2000.

*Mark E. Layng*, for appellant.

*Daniel J. Porter, District Attorney, James V. Branch, Assistant District Attorney*, for appellee.