## A01A0528. HUFF v. THE STATE.
### (546 SE2d 24)

ELDRIDGE, Judge.

Defendant, Charles Huff, was convicted by a jury for the offense of first degree forgery. Huff appeals from the denial of his motion for new trial. In his sole enumeration of error, Huff alleges that the trial court erred in admitting similar transaction evidence.

Before evidence of an independent offense or act may be admitted into evidence, the State must make three affirmative showings. First, the State must demonstrate that the evidence is not brought forth to raise an improper reference to character but, rather, for an appropriate purpose deemed an exception to the general rule prohibiting this type of evidence; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) ("*Williams*"). At a hearing before the trial regarding the prior incident, the trial court found that the State had made the three affirmative showings required by *Williams*.

On appeal, Huff concedes that the second prong of *Williams* was met in that there was sufficient evidence that he committed the former offense. Huff, however, argues that the first and third prongs of *Williams* were not met by the State, mandating reversal of his conviction. We disagree and affirm.

> The law does not require that a similar transaction crime be identical to the crime charged. There can be substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. The State may only have the burden of showing a *logical connection* between crimes which are essentially dissimilar. When similar transaction evidence is being introduced to prove motive, intent, or bent of mind, it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity.

(Citation and punctuation omitted; emphasis in original.) *Maxey v. State*, 239 Ga. App. 638, 640-641 (521 SE2d 673) (1999).

In this case, the trial court allowed the evidence to show defendant's bent of mind, his intent, and his course of conduct. This is a

proper purpose and satisfies the first prong of *Williams*. See *Jones v. State*, 243 Ga. App. 374, 377 (533 SE2d 437) (2000).

Further, there was sufficient similarity between the present case and the prior independent offense to authorize the trial court to allow the prior offense into evidence as a similar transaction. In the present case, the evidence shows that Jennifer Wilson went to the Dollar General Store where her wallet was stolen. It contained one blank check. The next morning, when Wilson was in the bank closing out her checking account, Huff attempted to cash the stolen check which was made out to him in the amount of $2,700. The bottom of the check contained the notation "landscaping." Both Wilson and the bank teller testified that Huff stated that he had received the check for landscaping work he had done a month or so ago and that he had been waiting a long time to be paid. Wilson testified that Huff stated that he had received the check from a man named "Sims." When Wilson asked Huff why he took a check from Sims, when the check had the names "Scott and Jennifer Wilson" printed on it, Huff had no explanation other than Sims had paid him for the landscaping work he had previously done.

At trial, Huff testified that he was having his house remodeled and that the day before he presented the stolen check at the bank, Sims, who had been working on his house, and an unnamed woman gave him the check as a refund for uncompleted work. Huff was to cash the check, keep $1,000, and give Sims the remaining $1,700. Huff further testified that Sims promised to make additional payments to him for the uncompleted work for which Huff had already paid. The next day, Sims and the woman picked up Huff and drove him to the bank. Sims and the woman waited outside while Huff went into the bank. When the police arrived at the bank, Sims and the unnamed woman drove off. Huff further testified that he never stated to Wilson and the bank teller that he received the check for work he had completed and that he never noticed that the check had the word "landscaping" written on the bottom.

The similar transaction which was introduced by the State occurred in July 1994. Officer Dale Parrish, who worked in the property crime unit of the Clarke County Police Department during that time, testified that he was in charge of the investigation of a burglary of a business called "Christian Remodeling" which occurred "between the 11th and the 12th of July of 1994." On July 12, 1994, Officer Parrish received a call from Christian Remodeling that one of their stolen checks had been cashed. The amount of $183 and the name "Charles Henry Huff" had been stamped by machine onto the stolen check. Initially, Officer Parrish questioned Huff on July 14, 1994, at the police station. Huff stated that, as he was walking to the Golden Pantry, he was stopped by two strangers and asked if he wanted to

make some money by helping them straighten some mattresses that were in the back of a yellow truck. Huff further stated that he was paid $183 for about 30 minutes of work and that, when he received the check, it was already filled out with his name and the amount. Officer Parrish questioned Huff again on August 1, 1994. This time, Huff stated that Vertis Ballard had given him the check. Huff further stated that, when he received the check, the amount was already printed on the check and that his girlfriend wrote his name on it. Huff stated that Ballard told him he could have all but $50 of the money if he would cash the check, which he did. Huff pled guilty to the offense.

"On appeal, we focus on the similarities, rather than the differences between the similar transaction evidence and [the] present charges." *Quezada v. State*, 236 Ga. App. 718, 721 (512 SE2d 401) (1999). The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998). In both the present case and the similar transaction, Huff received a stolen check from an individual whose name was different from the name imprinted upon the check. In both incidents, Huff cashed or attempted to cash the check. In both incidents, Huff was to return a portion of the money to the person who had given him the check, and when confronted with the information that the check was stolen, Huff stated that he had received the check for work he had performed. Accordingly, as there was compliance with *Williams*, supra at 642, and *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483) (1991), the trial court did not abuse its discretion in admitting the similar transaction evidence.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 22, 2001.

*Elizabeth M. Grant*, for appellant.
*Harry N. Gordon, District Attorney, Michael E. Eberhardt, Assistant District Attorney*, for appellee.