## A08A0316. BECK v. THE STATE.
### (662 SE2d 798)

SMITH, Presiding Judge.

A jury found Saul Beck guilty on two counts of forgery. Following the denial of his motion for new trial, Beck appeals, enumerating as error only the admission into evidence of a similar transaction.

The evidence presented at trial showed that in May 2005, Beck cashed two payroll checks, one for $658.03 and another for $656.81 at a Wal-Mart store. The checks were made out to Beck and purported to represent accounts drawn on West Central Bank. Beck's name and address (2649 Knox St., Atlanta, GA 30317) were typed on both checks, and Beck endorsed both checks. When the checks were dishonored by the bank, an investigator determined that the business address of the business that purportedly issued the checks did not exist and a bank representative testified that neither the business nor the account numbers were valid at West Central Bank.

Following a hearing on the State's notice of intent to introduce similar transaction evidence, the court found that the evidence surrounding Beck's 2003 conviction for forgery was substantially similar and admitted the transaction to show identity and course of conduct.

The evidence presented on Beck's 2003 conviction showed that an officer was called to a check cashing store where Beck had presented a check issued to him listing his address as "2649 Knox Street, Atlanta, GA 30317," and purportedly made by Emory University. Beck had endorsed the check and provided his social security number under his signature. The officer discovered that the check was not issued by the university and that Beck was never employed there. Beck was charged with and convicted of forgery in the first degree for uttering the bogus Emory University check.

Before similar transaction evidence is introduced, the State has the burden of making three affirmative showings:

> First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former

tends to prove the latter. A decision to admit a similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.

(Citation and punctuation omitted.) *Curtis v. State*, 282 Ga. App. 322, 324 (2) (a) (638 SE2d 773) (2006).

Beck argues that the similar transaction was introduced for an improper purpose and is not similar to the current offense. The trial court admitted the evidence to show Beck's identity and course of conduct, both of which are proper purposes. *Biggs v. State*, 281 Ga. 627, 628-629 (2) (642 SE2d 74) (2007). Moreover, the State was charged with proving that Beck uttered the two checks cashed at Wal-Mart, and his identity was sufficiently shown for the 2003 transaction. See *Garcia v. State*, 187 Ga. App. 166, 168 (8) (369 SE2d 776) (1988).

Also, contrary to Beck's argument, the current offense and the 2003 transaction are sufficiently similar. "On appeal, we focus on the similarities, rather than the differences between the similar transaction evidence and the present charges." (Citation and punctuation omitted.) *Huff v. State*, 248 Ga. App. 233, 235 (546 SE2d 24) (2001).

> The law does not require that a similar transaction crime be identical to the crime charged. There can be substantial variation of circumstances where there exists a logical connection between crimes which are essentially dissimilar. The issue of admissibility of extrinsic transactions has never been one of mere similarity. It is, rather, relevance to the issues in the trial of the case. The State may only have the burden of showing a *logical connection* between crimes which are essentially dissimilar.

(Citation and punctuation omitted.) Id. at 233. In both the present case and the similar transaction, Beck either cashed or attempted to cash checks issued to him with his name and address typed on them. All of the checks were bogus and all were endorsed by Beck. In each instance Beck attempted to cash the checks at a check cashing location rather than at the bank where they were purportedly drawn. Under these circumstances, the trial court did not abuse its discretion in admitting the similar transaction evidence. See id. at 234-235.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 29, 2008.

*Drummond & Swindle, Jason W. Swindle*, for appellant.

*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.