## A11A0662. CHANDLER v. THE STATE.
### (714 SE2d 597)

MIKELL, Judge.

After a jury trial in the Superior Court of Hall County, Zachary Javon Chandler was convicted of two counts of felony forgery. He appeals the denial of his motion for new trial contending that the evidence presented at trial was insufficient to support the verdicts; that the trial court erred in allowing his prior conviction to enter as impeachment evidence; that the trial court erred in allowing evidence of other similar crimes tendered by an accomplice to be entered as res gestae evidence; and that the trial court erred in admitting similar transaction evidence. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Chandler] no longer enjoys a presumption of innocence."[1] When evaluating sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[2] "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence."[3]

So viewed, the record shows that Chandler arranged to meet Aaron Kipp in a Wal-Mart parking lot in Oakwood, where they agreed that Kipp would cash two checks at the Wal-Mart banking center, and that he would receive $200 in exchange for this service. On January 21, 2009, they arrived in separate cars and parked next to each other in the parking lot. Chandler arrived in a truck driven by an individual known as G Money. Kipp got out of his car to speak with Chandler, who handed him two fraudulent checks in the amounts of $199.87 and $751.87, respectively, which were drawn on the bank account of Solution Alternatives (d/b/a Jerry's Famous Catering) and were made payable to Kipp.[4]

---

[1] (Footnote omitted.) *Hillman v. State*, 296 Ga. App. 310-311 (674 SE2d 370) (2009).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] (Citation omitted.) *Benbow v. State*, 288 Ga. 192, 193 (702 SE2d 180) (2010).

[4] Lori Davis, who co-owned Solution Alternatives d/b/a Jerry's Famous Catering, testified that she did not recognize the two checks at issue, did not know who Kipp was, and did not authorize the checks to be issued to him.

After receiving the checks from Chandler, Kipp went into the Wal-Mart, endorsed the checks, and cashed them at the banking center. Kipp then separated out his $200 fee, and began to walk out of the store when he noticed that Chandler and G Money were in the store as well. He testified, "I saw G Money, and he got a little closer. And then he said, give me all the money, including basically what else I had in my pocket. Like everything." Kipp ran away from G Money into the parking lot and then back into the Wal-Mart store. Chandler and Kipp met up back inside the Wal-Mart and discovered that G Money had taken the keys to Kipp's car. Kipp gave Chandler all the money from the cashed checks in an attempt to get his car keys back. Kipp then called the police to report an attempted robbery. He was later arrested for his part in the scheme, and pled guilty to forgery. He testified against Chandler at trial.

Wal-Mart's surveillance video of the incident was played for the jury at trial. It showed the exchange in the parking lot; the two men walking into the store together; Kipp at the check cashing station, with Chandler standing to his left and then walking between check out aisles; G Money's approach; and G Money chasing Kipp through the parking lot. Andrea Kipp, testifying for the state, identified the parties on the surveillance tape.

1. Chandler challenges the sufficiency of the evidence, arguing that Kipp's testimony as an accomplice was uncorroborated. As there is corroborating evidence in the record, we disagree.

> To sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime or lead to the inference that he is guilty. The necessary corroborating evidence may be circumstantial and it may be slight. The sufficiency of the corroborating evidence is for the trier of fact to decide.[5]

Chandler argues that his conviction must be reversed because the evidence presented merely establishes his presence at the scene of the crime. "Although mere presence at the scene of a crime is not sufficient to convict one of being a party to a crime, criminal intent may be inferred from conduct before, during, and after the commission of the crime."[6] The Wal-Mart surveillance videotape shows that

---

[5] (Citations and punctuation omitted.) *Matthews v. State*, 284 Ga. 819-820 (1) (672 SE2d 633) (2009). See also OCGA § 24-4-8.

[6] (Punctuation and footnote omitted.) *Scott v. State*, 297 Ga. App. 577, 580 (677 SE2d 755) (2009) (defendant was party to crime where evidence shows that defendant was walking

Chandler was in the parking lot talking to Kipp prior to the check cashing; he accompanied Kipp to the check cashing center in the store; he waited with him there and then chased after him and the money after the crime had been committed. Additionally, the state presented corroborating similar transaction evidence in the form of Andrea Kipp's testimony that Chandler had attempted to induce her to cash checks for him a few months prior to the incident.[7] Whether Chandler was a party to the crime was a question for the jury, which it chose to resolve against Chandler.[8]

2. Chandler contends that the trial court erred in admitting for impeachment purposes his August 2009 conviction for cocaine possession. This contention is without merit.

At the close of the state's evidence, the trial court held a hearing pursuant to *Quiroz v. State*[9] in order to determine the admissibility of the conviction under OCGA § 24-9-84.1 (a) (2), which provides:

> For the purpose of attacking the credibility of . . . the defendant, if the defendant testifies: [e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.

Under *Quiroz*, the trial court is required to make express findings balancing the probity of a prior felony conviction against its prejudicial effect.[10] Factors to be considered in this analysis include "the kind of felony involved, the date of the conviction, and the importance of the witness's credibility."[11]

In the present case, the trial court ruled that the state could use the prior conviction to impeach Chandler's testimony, finding that evidence of the prior conviction was "substantially probative" and "more probative than prejudicial." Chandler argues that the trial

---

together with a group of men before the robbery, who positioned themselves around victim during robbery and walked away together). See also *Cummings v. State*, 227 Ga. App. 564, 566 (489 SE2d 370) (1997) (defendant was party to crime of armed robbery based on his physical position during the robbery, and immediate flight with the other robbers).

[7] See *Ward v. State*, 304 Ga. App. 517, 524-525 (4) (696 SE2d 471) (2010) (holding that although similar transactions can be used to corroborate accomplice testimony, they cannot be the sole source of corroborating evidence).

[8] *Scott*, supra.

[9] 291 Ga. App. 423 (662 SE2d 235) (2008).

[10] Id.

[11] (Footnote omitted.) Id. at 428 (4).

court used a more liberal standard than that required by OCGA § 24-9-84.1 (a) (2). We disagree. Even though the trial court did not use the exact language of OCGA § 24-9-84.1 (a) (2), it correctly applied the standard set forth in that Code section and made the express finding required under *Quiroz* that the probative value of the prior conviction substantially outweighed the prejudicial effect.[12]

3. Chandler next contends that the trial court erred in allowing the state to introduce evidence of other crimes as part of the res gestae. We disagree.

On appellate review of a challenge to the admission of res gestae evidence,

[w]e will not overturn a trial court's determination that evidence is admissible as part of the res gestae unless that determination is clearly erroneous. The rule in Georgia is that the surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court.[13]

In the case at bar, Kipp testified that about a week prior to the events at issue here, Chandler telephoned Kipp to try to induce Kipp to cash checks for him. On that same day, Chandler, Kipp, an unnamed woman, G Money, and another man went to the Winder Wal-Mart, where the woman received a check from G Money and Chandler. Kipp watched the woman hold the checks in the parking lot, then walk into the Wal-Mart, and leave the store with the money. Kipp testified that Chandler assured him, "[E]verything is fine. Everything is real." Kipp then testified that when "she came out with the money . . . I believed him."

These events constitute "acts and circumstances forming a part or continuation of the main transaction [and] are admissible as res gestae."[14] In *Brewer,* statements made as part of the planning phase of a drug deal were held to be admissible as res gestae, even though they were made a week before.[15] Similarly, in the present case, the

---

[12] Compare *Lawrence v. State*, 305 Ga. App. 199, 202-203 (3) (699 SE2d 406) (2010) (trial court applied a too liberal standard where no express finding that evidence of prior conviction was *substantially* more probative than prejudicial).

[13] (Footnote omitted.) *Toney v. State*, 304 Ga. App. 25, 27 (1) (695 SE2d 355) (2010). See also *Brewer v. State*, 224 Ga. App. 656, 659 (7) (481 SE2d 608) (1997) ("circumstances forming a part of the main transaction are admissible as part of a continuous transaction or as res gestae") (citations omitted).

[14] (Footnote and emphasis omitted.) *Toney*, supra.

[15] *Brewer*, supra.

trial court did not abuse its discretion in admitting Kipp's statements as res gestae evidence because they showed the planning process for the forgeries in question.

4. Chandler contends that the trial court erred in allowing Andrea Kipp's testimony to be admitted as similar transaction evidence because it was not similar enough to the charges being tried and because there was no evidence that the checks in that incident were fraudulent. This enumeration fails.

Similar transaction evidence is admissible where the state proves that (1) it is introduced for a proper purpose, (2) sufficient evidence shows that the accused committed the independent offense, and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter.[16] The decision to admit prior similar transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.[17]

In this case, following a pre-trial hearing,[18] the trial court allowed Andrea Kipp to testify that in November 2008, Chandler picked her up from her home, and in the company of G Money, drove her to a Wal-Mart in Gainesville and asked her to cash two checks in similar amounts to those at issue in the trial. She refused, and Chandler did not ask her again. The trial court held that this prior incident was admissible to prove Chandler's bent of mind, course of conduct or intent, and instructed the jury to consider such evidence for that purpose alone.

Chandler argues that this incident was not sufficiently similar to the crime charged. However, in assessing the admissibility of similar transaction evidence, the proper focus is on the similarities, rather than the differences, between the prior acts and the current crime.[19] The November 2008 incident was clearly similar to the incident at issue in the present case; both incidents involved Chandler inviting others to Wal-Mart in an attempt to induce them to cash checks there for a portion of the proceeds; both incidents involved checks in similar amounts; and both incidents involved the presence of G Money. Further, the similar transaction occurred in November 2008, just two months before the incident at issue in the present case.

Chandler next argues that no evidence was presented showing that the checks in the November 2008 similar transaction were forged checks. However, a prior bad act does not have to result in a

---

[16] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[17] *Cotton v. State*, 297 Ga. App. 664, 665 (1) (678 SE2d 128) (2009).

[18] See Uniform Superior Court Rule 31.3 (B).

[19] *Beck v. State*, 291 Ga. App. 702, 703 (662 SE2d 798) (2008); *Huff v. State*, 248 Ga. App. 233, 235 (546 SE2d 24) (2001).

criminal charge to be admissible; it must merely be relevant to the crime charged in the present case.[20] As this Court has explained,

> [t]he [s]tate need not prove that the conduct resulted in a conviction or criminal charge; although a prosecution may fall short of proving a criminal offense, evidence as to certain conduct may nevertheless be admissible in a trial of another offense if . . . the defendant was the perpetrator of the conduct and the conduct or transaction is similar to or has a logical connection to the offense being tried.[21]

Under these circumstances, the trial court did not abuse its discretion in admitting evidence of the November 2008 similar transaction. *Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED JUNE 14, 2011 —
RECONSIDERATION DENIED JULY 18, 2011 — 

*Travis A. Williams, H. Bradford Morris, Jr.*, for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.

---

[20] *Wells v. State*, 237 Ga. App. 109, 113-114 (4) (514 SE2d 245) (1999).
[21] (Citation and punctuation omitted.) *Harris v. State*, 222 Ga. App. 52, 54 (2) (a) (473 SE2d 232) (1996).