**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**September 4, 2013**

# In the Court of Appeals of Georgia

A13A1242. THOMPSON v. THE STATE.

RAY, Judge.

After a jury trial, Jummul Vincent Thompson was convicted of one count of forgery in the first degree (OCGA § 16-9-1), five counts of forgery in the second degree (OCGA § 16-9-2), and one count of fleeing or attempting to elude a police officer (OCGA § 40-6-395).[1] He appeals his convictions and the denial of his motion for a new trial, contending that the trial court erred in admitting similar transaction evidence. For the reasons that follow, we affirm.

---

[1] OCGA §§ 16-9-1 and 16-9-2 were amended, effective July 1, 2012, by Ga. Laws 2012, Act 709, § 3-5, and OCGA § 40-6-395 was amended, effective July 1, 2012, by Ga. Laws 2012, Act 670, § 1. Thus, we apply the earlier versions of these statutes that were in effect at the time of the crime.

Construed most favorably to support the verdict, the evidence shows that on June 12, 2009, Thompson, Kathy McDowell, and Tony Russell drove to a Shell gas station/convenience store for the purpose of cashing fraudulent payroll checks. Thompson gave McDowell and Russell each a fraudulent check to cash, with the understanding that they were cashing the checks for Thompson and that they would receive some of the money in return for their participation. The fraudulent checks were made payable to McDowell (in the amount of $497.72) and Russell (in the amount of $388.14), and both checks were purportedly drawn on a bank account held in the name of Taco Mac Restaurants, Inc.

While Thompson waited outside the convenience store, McDowell and Russell went inside and tried to cash McDowell's check. When the store owner called Taco Mac and determined that the check was fraudulent, McDowell snatched the check away from him and exited the store. McDowell and Russell got back into the vehicle with Thompson. The store manager immediately called the police to report the incident, and a customer was able to get the license plate number of Thompson's vehicle before it drove off.

The police spotted Thompson's vehicle just before it turned onto I-20. When Thompson was getting onto I-20, he noticed that he was being followed by the police

car, and he accelerated in an attempt to get away from the police. The police officer then activated the patrol car's lights and sirens and tried to catch up to Thompson's vehicle on the interstate as it weaved in and out of traffic at speeds in excess of 100 m.p.h. During the chase, the police officer observed small white pieces of paper being thrown from the windows. As Thompson was attempting to pull off the interstate onto an exit ramp, he lost control of his vehicle and crashed. Thompson, McDowell, and Russell were taken into custody at that time. The police were able to collect the pieces of paper that had been thrown from the vehicle, which were later determined to be pieces of fraudulent Taco Mac payroll checks.

McDowell and Russell both pled guilty to forgery and testified against Thompson at his trial. McDowell and Russell testified that they tore their fraudulent checks into pieces and threw them from the vehicle during the chase, and McDowell further testified that Thompson had asked her to retrieve additional fraudulent checks from the vehicle's glove compartment and to tear them up as well.

In his sole enumeration of error, Thompson contends that the trial court erred in admitting evidence of two similar transactions showing that he was involved in other forgeries. Specifically, Thompson argues that the similar transactions were not sufficiently similar and were highly prejudicial. We disagree.

3

> Similar transaction evidence is admissible where the [S]tate proves that (1) it is introduced for a proper purpose, (2) sufficient evidence shows that the accused committed the independent offense, and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter. The decision to admit prior similar-transaction evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.

(Footnotes omitted.) *Chandler v. State*, 311 Ga. App. 86, 90 (4) (714 SE2d 597) (2011).

At trial, after the court properly instructed the jury on similar transactions, evidence was admitted of a similar transaction that occurred in 2008, in which Thompson and an accomplice cashed two fraudulent payroll checks at a small independent grocery store. The fraudulent checks were in the amounts of $394.01 and $383.19 and were purportedly drawn from a bank account held in the name of a Taco Bell franchise. Thompson was arrested for this offense and pled guilty to forgery in the first degree .

In the second similar transaction, Thompson cashed a fraudulent payroll check at a gas station/convenience store in 2008. The fraudulent check was in the amount of $373.62 and was purportedly drawn from a bank account held in the name of

4

another Taco Bell franchise. In this occurrence, Thompson had two other accomplices with him. One of the accomplices also had a purported payroll check from Taco Bell, but the clerk refused to cash it.

Thompson concedes that the similar transaction evidence at issue was introduced for a proper purpose and that there was sufficient evidence showing that Thompson committed the two independent offenses. However, he contends that the State failed to show a "sufficient degree of similarity" between the similar transactions and the offenses charged in this case.

When examining whether transactions are sufficiently similar, the proper focus is on the similarities between the prior acts rather than the dissimilarities. *Chandler*, supra. The law does not require the prior acts to be identical in all respects to the charged offenses, and there can be a variation of circumstances where there exists a logical connection between the crimes. *Beck v. State*, 291 Ga. App. 702, 703 (662 SE2d 798) (2008). "An appellate court should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous." (Citation and punctuation omitted.) *Salinas-Valdez v. State*, 276 Ga. App. 732, 734 (2) (624 SE2d 278) (2005).

5

In both the present case and the two similar transactions, Thompson was a participant with others in attempts to cash fraudulent payroll checks at small convenience stores. The fraudulent checks were for similar amounts and were purportedly drawn from bank accounts held by Mexican food restaurants. All three occurrences were committed within a 15-month time frame.

Thompson also argues that the trial court erred in admitting the similar transaction evidence because its probative value was substantially outweighed by its prejudicial effect. After the criteria for admitting similar transaction evidence are met,

> the trial court retains the sound legal discretion to exclude relevant similar crimes evidence on the ground that its probative value is substantially outweighed by the danger of unfair prejudice. The exercise of this discretion requires that the court consider whether the State's need for the similar transaction evidence outweighs the prejudice inherent to the defendant.

(Footnote omitted.) *Gray v. State*, 260 Ga. App. 197, 198 (2) (a) (581 SE2d 279) (2003).

In this case, Thompson's defense was that he was not involved in the forgeries and that the only evidence implicating him to the fraudulent checks was the presumably biased testimony of McDowell and Russell. Therefore, the State's need

6

for extrinsic evidence was relevant to the disputed issue of Thompson's participation in the forgeries. As the trial court noted in its ruling to allow the similar transaction evidence, the prior acts were probative and relevant because they indicated that Thompson participated in a "continuing enterprise" of negotiating fraudulent checks over a relatively short period of time. As the similar transaction evidence shows a course of conduct very similar to the scheme used in this case such that proof of the former tended to prove the latter, there was no error in permitting this testimony. See *Grant v. State*, 248 Ga. App. 203, 205 (2) (546 SE2d 339) (2001).

Under these circumstances, the trial court did not abuse its discretion in admitting the similar transaction evidence.

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*