MILLER, Presiding Judge,
dissenting.
The right to a trial by jury is a hallmark of our criminal justice system in America. For this reason, we are reluctant to interfere with a jury’s verdict except in those limited circumstances in which the State has not proven the elements of the offenses for which the defendant is charged. Here, Daniels was charged as a party to a crime, and it is well established under Georgia law that a defendant cannot be convicted as a party to a crime based solely on the uncorroborated testimony of an accomplice. Threatt v. State, 293 Ga. 549, 551 (1) (748 SE2d 400) (2013). After having thoroughly reviewed the record in this case, it is clear that the State has not presented any independent evidence to corroborate the accomplice’s testimony that Daniels orchestrated, assisted, or otherwise participated in the robbery Mere presence alone is not sufficient. Therefore, under the current status of the law, the question of Daniels’s guilt should not have been submitted to the jury Accordingly, I respectfully dissent.
A person may be charged as a party to the crime “only if he . . . [ijntentionally advises, encourages, hires, counsels, or procures another to commit the crime.” OCGA § 16-2-20 (b) (4); see also Hunt v. State, 244 Ga. App. 578, 580 (536 SE2d 251) (2000). Moreover,
[t]o sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime or lead to the inference that he is guilty
(Footnote omitted; emphasis supplied.) Chandler v. State, 311 Ga. App. 86, 87 (1) (714 SE2d 597) (2011). Although corroborating evidence “may be circumstantial [and] it may be slight,” evidence that only corroborates the timeline and details of the crimes is not sufficient. Taylor v. State, 297 Ga. 132, 134 (2) (772 SE2d 630) (2015); Shumake v. State, 159 Ga. App. 141, 142 (1) (a) (282 SE2d 756) (1981).
The evidence here showed that Daniels entered the convenience store to buy one cigarette. About ten seconds later, Driskell entered. While Daniels and the cashier were talking at the register, Driskell pulled his mask over his face, pulled out a gun, and pointed it at the cashier. Daniels put his hands in the air and ran from the store. *842 Driskell followed, about seven seconds later. Notably, an eyewitness who observed the men running down the street testified that they did not appear to be running together. When police interviewed Daniels, they did not consider him to be a suspect and in fact did not consider him to be a suspect even after he made inconsistent statements about knowing Driskell during the interview.
Driskell’s testimony was the only evidence that Daniels planned the robbery, provided the weapon and mask, or disposed of those items in the woods after the robbery At most, the independent evidence corroborates the chronology and details of the crimes Driskell committed, but none of it shows Dan iels’s participation as opposed to his mere presence.[5] Taylor, supra, 297 Ga. at 134 (2); see also Nix v. State, 133 Ga.App. 417, 419 (211 SE2d 26) (1974) (defendant’s actions corroborated accomplice’s testimony as to chronology of events, but did not directly or indirectly substantiate defendant’s guilt).
Here, there is no independent corroborating evidence and therefore the issue of Daniels’s guilt should not have been presented to a jury.[6] Hill v. State, 236 Ga. 831, 833-834 (225 SE2d 281) (1976) (reversing convictions that were based on accomplice’s testimony because “corroborating evidence must do more than merely cast on the defendant a grave suspicion of guilt”) (citations omitted); Gilmore v. State, 315 Ga. App. 85, 91-92 (1) (d) (726 SE2d 584) (2012) (co-defendant’s uncorroborated testimony that defendant was involved in home invasions was insufficient to sustain conviction); Black v. State, 155 Ga. App. 798 (272 SE2d 762) (1980) (reversing conviction where no evidence corroborated accomplice’s testimony that defendant was involved in burglary). Instead, in this case, the trial court should have granted Daniels’s motion for a directed verdict when it was clear at the close of the State’s case that there was no independent corroborating evidence to establish that Daniels was a party to the crimes.
Accordingly, this Court should reverse Daniels’s convictions. I am authorized to state that Presiding Judge Phipps and Judge McFadden join in this dissent.
*843 Decided November 18, 2016
Reconsideration dismissed December 13, 2016.
Debra K. Jefferson, for appellant.
Layla H. Zon, District Attorney, Randal M. McGinley, Patrick A. Najjar, Assistant District Attorneys, for appellee.

 It is possible that Daniels’s conduct after the robbery would have supported a conviction as an accomplice after the fact, but he was not charged with that crime.

 The Supreme Court of Georgia’s recent decision in Cisneros v. State, 299 Ga. 841 (792 SE2d 326) (2016), does not require a different conclusion. In Cisneros, independent evidence from the modus operandi of several burglaries, as well as testimony from the others involved, corroborated the accomplice’s testimony. Here there is no such independent corroborating evidence.