**SECOND DIVISION**
**MARKLE, J.,**
**LAND and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 15, 2025**

# In the Court of Appeals of Georgia

A24A1260. HENRY v. THE STATE.

MARKLE, Judge.

Following a jury trial, Jonathan Henry was convicted of five counts of furnishing prohibited items (OCGA § 42-5-18 (b)), and one count of possession of tools of a crime (OCGA § 16-7-20). He now appeals from the denial of his motion for new trial, arguing that the evidence was insufficient to support his convictions, and that he received ineffective assistance of counsel. For the reasons that follow, we affirm.

Viewing the evidence in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the record shows that, in April 2019, Julian Holloway was hired to drive Henry and another man from Atlanta

to the Dooly State Prison. The men told Holloway they were going to a girl's house near the prison. Holloway first drove to an apartment, where the men went inside. Only Henry returned to the car, and he was carrying a bag that he placed in the trunk. Henry then instructed Holloway to pick up a second passenger, Michael Crockett, for the trip. Although Henry told Holloway they were going to a house, when they arrived at the destination, it was late at night, and Holloway did not see any houses nearby.

As Holloway approached the prison, officers with the Dooly County Sheriff's Office, who were working a special detail to intercept contraband, spotted Holloway's car and were suspicious of three men in dark clothing driving near the prison late at night. They observed Holloway's car, and, after Holloway ran a stop sign, the officers initiated a traffic stop. Holloway stated the car was his, and he gave police consent to search it. In the back seat, police found black tape and glue, and in the trunk they found a bag filled with bundles of tobacco, rolling papers, lighters, cellphones, and chargers, all wrapped in black tape.[1] They also noted that the GPS directions on Holloway's phone, which was attached to a vent clip on the dashboard, showed Dooly State Prison as the destination.

---

[1] Police also found guns and a small quantity of marijuana, all of which Holloway admitted belonged to him.

All three men were arrested and agreed to speak with police. In his interview, Henry denied any involvement with the contraband and said a friend offered him $50 to drive down to the prison. Holloway told police the bag belonged to Henry, and Henry instructed him to pick up Crockett. He stated that he had pulled off the interstate looking for gas and was driving around when he was stopped by police. He also told police that a friend from the prison called him and asked him to give Henry a ride to meet a girl. Crockett told police that, when they arrived near the prison, Henry asked to get out of the car.

Henry was charged with five counts of furnishing prohibited items to inmates, and one count of possession of tools for the commission of a crime.[2]

Testimony at trial showed that the sheriff's office operated a special detail near the prison to intercept any attempted deliveries of contraband. Typically, there would be multiple people dressed in dark clothing and a driver who would drop the others off to deliver the items. Contraband was often wrapped with tape, and common methods of delivery included throwing the items over the prison fence or using a drone to fly over the fence and drop the items. Both Holloway and Crockett testified

---

[2] Henry was also charged with possession of marijuana and possession of a firearm by a convicted felon, but the State later dropped those charges.

against Henry. According to Holloway, an inmate hired him to drive two men to the prison. The bag containing contraband belonged to Henry. Crockett testified that Henry offered him money to ride along, Henry was already in the car when he got in, and he fell asleep until police stopped the car.

The jury also heard the post-arrest interviews and viewed the video from the traffic stop, in which Henry can be seen dressed in dark clothing and a hat. That video also shows Holloway telling police the bag in the trunk belonged to Henry.

The jury convicted Henry on all counts. Henry filed a motion for new trial, which he amended to raise the issues he now asserts on appeal. Following a hearing, the trial court denied the motion for new trial, finding the evidence sufficient and that Henry could not show prejudice arising from any of counsel's alleged errors. Henry now appeals.

1. Henry first argues that the evidence was insufficient to convict him of furnishing contraband to inmates because (a) it showed only a mere suspicion of guilt; (b) the indictment charged him with furnishing tobacco, but it cited the incorrect statutory provision; (c) there was no corroborating evidence to support the

accomplices' testimony; and (d) the State failed to prove venue. We conclude the evidence was sufficient to support the convictions for furnishing contraband.[3]

Under OCGA § 42-5-18 (b) (2019),

> [i]t shall be unlawful for any person to obtain for, to procure for, or to give to an inmate a gun, pistol, or any other weapon; any intoxicating liquor; amphetamines, biphetamines, or any other hallucinogenic drugs or other drugs, regardless of the amount; any telecommunications device; or any other article or item without the authorization of the warden or superintendent or his or her designee.

Here, the State charged Henry with violating this statute by obtaining cell phones, cell phone chargers, tobacco, rolling papers, and lighters for an unknown inmate.

> In evaluating the sufficiency of the evidence as a matter of constitutional due process, we view all of the evidence presented at trial in the light most favorable to the verdicts and consider whether any rational juror could have found the defendant guilty beyond a reasonable doubt of the crimes of which he was convicted. We leave to the jury the resolution of conflicts or inconsistencies in the evidence, credibility of witnesses, and reasonable inferences to be derived from the facts. A jury is authorized to find a defendant guilty beyond a reasonable doubt if the

---

[3] Because Henry offers no argument regarding the sufficiency of the evidence to convict him for possession of tools of a crime, he has abandoned that claim. Court of Appeals Rule 25 (d) (1).

evidence shows either that he directly committed the crime or that he was a party thereto. Conviction as a party to a crime requires proof of a common criminal intent, which the jury may infer from the defendant's presence, companionship, and conduct with another perpetrator before, during, and after the crimes. Mere presence at the crime scene, however, is insufficient to make someone a party to a crime.

(Citations and punctuation omitted.) *Sauder v. State*, 318 Ga. 791, 796 (2) (a) (901 SE2d 124) (2024). To convict Henry as a party to the crime, the State had to prove he "[i]ntentionally advise[d], encourage[d], hire[d], counsel[ed], or procure[d] another to commit the crime." OCGA § 16-2-20 (b) (4); see also *Hunt v. State*, 244 Ga. App. 578, 580 (536 SE2d 251) (2000). Additionally, circumstantial evidence can be sufficient to support a conviction "if the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis but the guilt of the accused. And when the evidence meets this test, circumstantial evidence is as probative as direct evidence, and whether this burden has been met is a question for the jury." (Citations, punctuation, and footnote omitted.) *Elkins v. State*, 350 Ga. App. 816, 819 (1) (830 SE2d 345) (2019).

(a) Henry contends that the evidence was insufficient because it showed only mere presence. We conclude that the State presented sufficient evidence to support the conviction.

The evidence here showed that the three men drove to the prison late at night, dressed in dark clothes, with contraband items bundled together with black tape. Several police officers testified that it was typical for items to be packaged in this way, and that the offenders would throw the contraband over the prison fence. There was additional testimony that an inmate hired Holloway to drive Henry to the prison; Henry was offered money to ride to the prison at night; Henry put the bag in the trunk of the car; Henry offered Crockett money to ride along with him to Dooly County prison; the GPS showed the prison as the destination; and Henry asked to exit the car when they arrived. Moreover, the jury was able to hear the inconsistencies in the statements given to police as compared to the testimony at trial. Contrary to Henry's claim, there was more than mere suspicion to support the conviction. See *Terrell v. State*, 353 Ga. App. 780, 781-782 (1) (a) (839 SE2d 274) (2020) (evidence sufficient where police observed defendant in field near prison with bundle of drugs, co-defendant claimed they were there for visitation late at night, and defendant admitted

she planned to throw bundle over fence); *Elkins*, 350 Ga. App. at 820-821 (1) (circumstantial evidence established more than mere suspicion). When we view the evidence in the light most favorable to the verdict, allowing the jury to resolve the inconsistencies and make reasonable inferences from the evidence, we conclude the circumstantial evidence was sufficient to support the convictions. See OCGA § 42-5-18 (b); *Terrell*, 353 Ga. App. at 781-782 (1) (a); *Elkins*, 350 Ga. App. at 819-821 (1)

(b) Henry next argues that his conviction cannot stand because the indictment cited the wrong statute. We disagree.

We need not reverse a conviction simply because the indictment cited an incorrect code section. One count of Henry's indictment charged him with furnishing tobacco, but it incorrectly identified the relevant statute as OCGA § 42-5-18 (b) instead of (b.1). All that is required is that the language in the indictment track the statutory language. See *Corsini v. State*, 238 Ga. App. 383, 386 (4) (519 SE2d 39) (1999); see also *Smith v. State*, 340 Ga. App. 457, 464 (2) (797 SE2d 679) (2017) ("it is the substantive description of the crime, rather than the description and number of the section under which it appears in the Code, which furnishes the criterion for determining whether the indictment is good.") (citation and punctuation omitted).

8

(c) Henry further challenges the sufficiency of the evidence on the ground that there was no corroboration for the accomplices's testimonies. We are not persuaded.

Under Georgia law, a felony conviction cannot be based solely on the uncorroborated testimony of an accomplice. *Cisneros v. State*, 299 Ga. 841, 844 (1) (b) (792 SE2d 326) (2016); OCGA § 24-14-8.4 But "sufficient corroborating evidence may be circumstantial, it may be slight, and it need not of itself be sufficient to warrant a conviction of the crime charged. It must, however, be independent of the accomplice testimony and must directly connect the defendant with the crime, or lead to the inference that he is guilty." (Citation and punctuation omitted.) *Threatt v. State*, 293 Ga. 549, 551 (1) (748 SE2d 400) (2013); see also *Jackson v. State*, 314 Ga. 751, 755 (1) (879 SE2d 410) (2022) ("'[I]t is well settled that an accomplice's testimony may be corroborated by the testimony of another accomplice.'") (citations omitted).

The record shows that the State presented evidence to corroborate Holloway's accomplice testimony. The GPS in the car showed the prison was the destination, and police found tape and other items used to commit the crime in the back seat of the car near Henry. Additionally, considering the testimony and statements from Crockett that Henry offered to pay him to ride with them, and Henry's own statement to police

that someone offered him money to ride to the prison, there was evidence to corroborate Holloway's testimony. Moreover, the trial court instructed the jury that grave suspicion and mere presence were insufficient to convict Henry of the charges. And we presume the jury followed the trial court's instructions. *Mayo v. State*, 319 Ga. 34, 41 (2) (b) (i) (901 SE2d 522) (2024) ("in the absence of clear evidence to the contrary," we presume the jury followed the trial court's instructions.) (citation and emphasis omitted).

(d) Finally, Henry argues the State failed to prove venue because he was charged in the indictment with *obtaining* the contraband, but there was no evidence that he did so in Dooly County. We disagree.

Here, the indictment charged that Henry, Crockett, and Holloway, individually and as parties to a crime, "did unlawfully obtain for an unknown inmate of Dooly State Prison, [items of contraband], without the authorization of the Warden[.]"

"Whether the State has proved venue is a question for the jury, and we will affirm a jury's conclusion that venue is proper if any evidence supports it." *Graham v. State*, 282 Ga. App. 576, 579 (3) (639 SE2d 384) (2006). "[L]ike any other fact, venue may be proved by circumstantial evidence, and it is enough if the fact of venue

is properly inferable from all the evidence.") (Citation and punctuation omitted.) *Worthen v. State*, 304 Ga. 862, 871 (3) (e), n. 6 (823 SE2d 291) (2019); see also *Bowman v. State*, 363 Ga. App. 711, 715 (2) (872 SE2d 485) (2022) (State can prove venue by direct or circumstantial evidence).

As discussed above, OCGA § 42-5-18 (b) makes it unlawful to obtain contraband *for* an inmate. The testimony showed that a Dooly State prison inmate offered Henry money to ride to the prison; the car in which Henry was riding contained contraband wrapped in black tape in a bag Henry had placed in the trunk; Henry asked to get out of the car as they approached the prison; and the prison was located in Dooly County. The State was not required to show that Henry purchased the contraband items in Dooly County because it is the act of obtaining the items *for* the inmate who was in Dooly State prison that makes the conduct unlawful. See *Terrell*, 353 Ga. App. at 783 (1) (c). Thus, the evidence set out above was sufficient for the jury to infer that Henry obtained the contraband *for* an inmate in Dooly County, and venue was proper. See id.

2. Henry next argues that he received ineffective assistance of counsel due to counsel's failure to (a) request jury instructions on equal access and impeachment,

11

and (b) move to strike Holloway's hearsay testimony. He also asserts that the cumulative errors warrant a new trial.

> To succeed on a claim that counsel was constitutionally ineffective, [Henry] must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Failure to satisfy either prong of the . . . test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong. And although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous.

(Citations and punctuation omitted.) *Green v. State*, 302 Ga. 816, 817-818 (2) (809 SE2d 738) (2018). With this standard in mind, we turn to Henry's claims of error.

a. *Jury instructions*

Henry contends that counsel was deficient by failing to request a jury instruction on the presumption that the driver of the vehicle possessed the contraband and for impeachment by prior convictions. Henry cannot meet his burden.

During the charge conference, Henry requested the jury be instructed about grave suspicion, mere presence, and accomplice corroboration. The trial court gave the requested instructions, and Henry did not object to the charges as given. At the motion for new trial hearing, counsel testified that the strategy was to argue that the car, and its contents, belonged to Holloway, and he tried to discredit Holloway and Crockett with their plea deals. Counsel agreed that it would have been helpful to have an instruction on equal access and impeachment.

Pretermitting whether counsel's performance was deficient, Henry cannot show that the outcome of trial would have been different if the jury had been instructed on impeachment and the presumption of possession. Henry contends that an instruction on impeachment was likely to change the outcome because Holloway was the State's crucial witness. But, counsel was able to cross-examine Holloway and point out his probation in exchange for his testimony, and the trial court instructed the jury on witness credibility generally. See *Kittrell v. State*, 358 Ga. App. 93, 96 (1) (853

13

SE2d 678) (2021); see also *Clark v. State*, 309 Ga. 566, 572-573 (2) (847 SE2d 160) (2020). Henry has not shown that the outcome would have been different had the jury been given a more specific instruction on impeachment.

With regard to an instruction for the presumption of possession, Henry was charged as a party to the crime and the jury was instructed about constructive possession. See *Whaley v. State*, 337 Ga. App. 50, 55 (2) (785 SE2d 685) (2016); *Maddox v. State*, 322 Ga. App. 811, 815 (2) (746 SE2d 280) (2013) ("Circumstantial evidence that multiple occupants of a car had equal access to hidden contraband may support the theory that all the occupants were guilty as parties to the crime and had joint constructive possession of the contraband."). Thus, Henry cannot show prejudice from the failure to request a jury instruction on the presumption of possession.

b. *Hearsay*

Henry next argues that counsel was deficient by failing to move to strike Holloway's hearsay testimony after the trial court sustained his objection to it. Notably, Henry does not explain how he was prejudiced.

14

During his testimony, Holloway stated that a prisoner called him and asked him to give two men a ride to the prison. Henry objected on hearsay grounds, and the trial court sustained the objection. The court instructed Holloway not to repeat what someone else said to him, but Henry did not request the testimony be stricken, and the trial court did not inform the jury that it should not consider the testimony. At the motion for new trial hearing, counsel testified that he did not take any other action after his objection was sustained because it would have interrupted the flow of the trial.

Because Henry offers no argument to establish prejudice, he has abandoned any such argument, and he has not met his burden to show counsel's alleged deficient performance prejudiced the outcome of his trial. *Martin v.* State, 370 Ga. App. 275, 278 (2) (896 SE2d 874) (2024) ("[appellant] has not applied the relevant law to the facts at issue, with the result that he sheds no light on this issue. So we deem this issue abandoned.") (citation and punctuation omitted); *Morris v. State*, 340 Ga. App. 295, 303 (2) (b) (797 SE2d 207) (2017) (appellant abandoned claim where he failed to offer any argument to show error); Court of Appeals Rule 25 (d) (1) (Any enumeration of error that is not supported in the brief by . . . argument may be deemed abandoned).

c. *Cumulative error*

Finally, Henry contends that the cumulative errors require reversal of his convictions. To establish cumulative error, Henry must show that "at least two errors were committed in the course of the trial and considered together along with the entire record, the multiple errors so infected the jury's deliberation that they denied [him] a fundamentally fair trial."[4] (Citation and punctuation omitted.) *Huff v. State*, 315 Ga. 558, 567-568 (6) (883 SE2d 773) (2023). Because Henry cannot show any error, he cannot meet this burden, and his claim of cumulative error fails. *Heade v. State*, 312 Ga. 19, 29 (5) (860 SE2d 509) (2021) (appellant's cumulative error argument fails when there are no errors to cumulate).

*Judgment affirmed. Land and Davis, JJ., concur.*

---

[4] To the extent that Henry's claim is based on errors outside the evidentiary context, "he would do well to explain why cumulative error should be so extended." *Jones v. State*, 314 Ga. 605, 617 (5), n. 9 (878 SE2d 505) (2022).